UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KIMBERLY WROBLEWSKI,

     Plaintiff,

                                       Case No. 24-10011

vs.                              Hon. Mark A. Goldsmith

CITY OF DETROIT, COUNTY OF WAYNE,
JAMES DIGUISEPPE, NICHOLAS GIAQUINTO,
BRIAN RINEHART, and DENNIS DOHERTY,
in their individual and official capacities,

     Defendants.

| | |
|---|---|
| **CHRISTOPHER TRAINOR (P42449)** | **DORA A. BRANTLEY (P49088)** |
| **SHAWN C. CABOT (P64021)** | **BRANDON WADDELL (P81494)** |
| **KRYSTINA R. DOSS (P77365)** | **FOSTER, SWIFT, COLLINS & SMITH, PC** |
| **CHRISTOPHER TRAINOR** | Attorneys for Defendants, |
| **& ASSOCIATES** | Nicholas Giaquinto and James DiGuiseppe |
| Attorneys for Plaintiff | 28411 Northwestern Highway, Suite 500 |
| 9750 Highland Road | Southfield, MI 48034 |
| White Lake, MI 48386 | (248) 539-9900; F (248) 200-0252 |
| (248) 886-8650 | dbrantley@fosterswift.com |
| shawn.cabot@cjtrainor.com | bwaddell@fosterswift.com |
| krystina.doss@cjtrainor.com | |
| | **BENJAMIN F. PATTERSON (P85118)** |
| **JOHN C. BOUFFORD (P55313)** | **CITY OF DETROIT LAW DEPT.** |
| Attorney for Defendant, Wayne County, | Attorneys for Defendant, City of Detroit |
| Brian Rinehart and Dennis Doherty | 2 Woodward Avenue, 5th Floor |
| 500 Griswold St., 30th Floor | Coleman A. Young Municipal Building |
| Detroit, MI 48226 | Detroit, MI 48226 |
| (313) 224-0572 | (313) 237-5082 |
| jboufford@waynecounty.com | ben.patterson@detroitmi.gov |

## ANSWER TO COMPLAINT, SPECIAL AND AFFIRMATIVE DEFENSES, AND RELIANCE ON JURY DEMAND FILED ON BEHALF OF DEFENDANTS, NICHIOLAS GIAQUINTO AND JAMES DIGIUSEPPE

— FOSTER SWIFT COLLINS & SMITH PC || ATTORNEYS —

**NOW COME** Defendants, **NICHOLAS GIAQUINTO AND JAMES DIGIUSEPPE,** by and through their attorneys, **FOSTER, SWIFT, COLLINS & SMITH, PC,** and in answer to Plaintiff's Complaint, state:

1.    In answer to Paragraph 1, these Defendants neither admit nor deny the allegation contained therein because of insufficient information upon which to form a belief. Plaintiff is left to her proofs.

2.    In answer to Paragraph 2, these Defendants neither admit nor deny the allegation contained therein because of insufficient information upon which to form a belief. Plaintiff is left to her proofs.

3.    In answer to Paragraph 3, these Defendants neither admit nor deny the allegation contained therein because of insufficient information upon which to form a belief. Plaintiff is left to her proofs.

4.    In answer to Paragraph 4, these Defendants neither admit nor deny the allegation contained therein in the manner and form alleged because it is vague or because of insufficient information upon which to form a belief. Plaintiff is left to her proofs.

5.    In answer to Paragraph 5, these Defendants admit that at all times relevant to this lawsuit, Nicholas Giaquinto was employed by the City of Detroit in its Police Department, and that he was acting under color of law in his official capacity, and within the course and scope of his employment.  As to the remaining

allegations, these Defendants neither admit nor deny same because they are vague or because of insufficient information upon which to form a belief. Plaintiff is left to her proofs.

6.     In answer to Paragraph 6, these Defendants neither admit nor deny the allegation contained therein because of insufficient information upon which to form a belief. Plaintiff is left to her proofs.

7.     In answer to Paragraph 7, these Defendants neither admit nor deny the allegation contained therein because of insufficient information upon which to form a belief. Plaintiff is left to her proofs.

8.     In answer to Paragraph 8, these Defendants deny all allegations of wrongdoing, including but not limited to violation of Plaintiff's constitutional rights. These Defendant also deny that Plaintiff has a viable claim of damages.  As to the remaining allegations, to the extent there are any, these Defendants neither admit nor deny same because they are vague or because of insufficient information upon which to form a belief. Plaintiff is left to her proofs.

9.     In answer to Paragraph 9, these Defendants neither admit nor deny the allegation contained therein because of insufficient information upon which to form a belief. Plaintiff is left to her proofs.

10.     In answer to Paragraph 10, these Defendants neither admit nor deny the allegation contained therein because of insufficient information upon which to form

a belief. Plaintiff is left to her proofs.

11.     In answer to Paragraph 11, these Defendants deny the allegation contained therein.

## FACTS

12.     These Defendants hereby restate and incorporate by reference each and every paragraph set forth above, as though fully set forth herein, and further state:

13.     In answer to Paragraph 13, these Defendants admit the allegation contained therein.

14.     In answer to Paragraph 14, these Defendants admit the allegation contained therein.

15.     In answer to Paragraph 15, these Defendants admit the allegation contained therein.

16.     In answer to Paragraph 16, these Defendants admit the allegation contained therein.

17.     In answer to Paragraph 17, these Defendants admit that during a defined period, Defendant Giaquinto was Defendant DiGuiseppe's commanding officer. As to the remaining allegations, these Defendants neither admit nor deny same because they are vague or because of insufficient information upon which to form a belief. Plaintiff is left to her proofs.

18.    In answer to Paragraph 18, these Defendants neither admit nor deny the allegations contained therein because they are vague or because of insufficient information upon which to form a belief. Plaintiff is left to her proofs.

19.    In answer to Paragraph 19, these Defendants deny the allegation in the manner and form alleged. Plaintiff is left to her proofs.

20.    In answer to Paragraph 20, these Defendants deny the allegation in the manner and form alleged. Plaintiff is left to her proofs.

21.    In answer to Paragraph 21, these Defendants deny the allegation in the manner and form alleged. Plaintiff is left to her proofs.

22.    In answer to Paragraph 22, these Defendants admit the allegation contained therein.

23.    In answer to Paragraph 23, these Defendants neither admit nor deny the allegation contained therein because it is vague or because of insufficient information upon which to form a belief. Plaintiff is left to her proofs.

24.    In answer to Paragraph 24, these Defendants admit the allegation contained therein.

25.    In answer to Paragraph 25, these Defendants deny the allegation contained therein.

26.    In answer to Paragraph 26, these Defendants neither admits nor denies the allegation contained therein because it is vague or because of insufficient

information upon which to form a belief. Plaintiff is left to her proofs.

27.    In answer to Paragraph 27, these Defendants deny the allegation contained therein.

28.    In answer to Paragraph 28, these Defendants neither admit nor deny the allegation contained therein because of insufficient information upon which to form a belief. Plaintiff is left to her proofs.

29.    In answer to Paragraph 29, these Defendants deny that Plaintiff legally withdrew money from the Bank of America account, but admit that the branch where the transaction occurred is located in Lincoln Park, Michigan.

30.    In answer to Paragraph 30, these Defendants deny the allegation contained therein.

31.    In answer to Paragraph 31, these Defendants admit the allegation contained therein, and in further answer, deny that Defendant DiGuiseppe was required to take said action prior to initiating a criminal complaint against Plaintiff.

32.    In answer to Paragraph 32, these Defendants deny that Defendant DiGuiseppe made a false statement to the police officer taking his complaint.  These Defendants also deny that Judge Elder did not order that Defendant DiGuiseppe would be the sole owner of the subject account.

33.    In answer to Paragraph 33, these Defendants deny the allegation in the manner and form alleged. Plaintiff is left to her proofs.

34.    In answer to Paragraph 34, these Defendants admit only that Defendant DiGuiseppe filed his complaint against Plaintiff with the Westland Police Department, and that the banking transaction occurred in Lincoln Park, Michigan. As to the remaining allegation, these Defendants neither admit nor deny same because of insufficient information upon which to form a belief. Plaintiff is left to her proofs.

35.    In answer to Paragraph 35, these Defendants neither admit nor deny the allegation contained therein because of insufficient information upon which to form a belief. Plaintiff is left to her proofs.

36.    In answer to Paragraph 36, these Defendants deny that the CJOD was silent as to anything involving joint accounts.  As to the remaining allegations, these Defendants neither admit nor deny same because they are vague or because of insufficient information upon which to form a belief. Plaintiff is left to her proofs.

37.    In answer to Paragraph 37, these Defendants neither admit nor deny the allegation contained therein because of insufficient information upon which to form a belief. Plaintiff is left to her proofs.

38.    In answer to Paragraph 38, these Defendants neither admit nor deny the allegation contained therein because it is vague or because of insufficient information upon which to form a belief. Plaintiff is left to her proofs.

39.     In answer to Paragraph 39, these Defendants deny the allegation contained therein in the manner and form alleged.  Plaintiff is left to her proofs.

40.     In answer to Paragraph 40, these Defendants deny the allegation contained therein in the manner and form alleged, including that Plaintiff's withdrawal of the funs was lawful, that Defendant Giaquinto sought to "find a way around a jurisdictional issue and help prosecute Plaintiff, or that there was a "jurisdictional issue."  Plaintiff is left to her proofs.

41.     In answer to Paragraph 41, these Defendants deny the allegation contained therein in the manner and form alleged.  Plaintiff is left to her proofs.

42.     In answer to Paragraph 42, these Defendants deny the allegation contained therein in the manner and form alleged.  Plaintiff is left to her proofs.

43.     In answer to Paragraph 43, these Defendants admit the allegation contained therein.

44.     In answer to Paragraph 44, these Defendants deny the allegation contained therein in the manner and form alleged.  Plaintiff is left to her proofs.

45.     In answer to Paragraph 45, these Defendants deny the allegation contained therein.

46.     In answer to Paragraph 46, these Defendants deny the allegation contained therein.

47.    In answer to Paragraph 47, these Defendants deny the allegation contained therein in the manner and form alleged.  Plaintiff is left to her proofs.

48.    In answer to Paragraph 48, these Defendants deny the allegation contained therein.

49.    In answer to Paragraph 49, these Defendants neither admit nor deny the allegation contained therein because of insufficient information upon which to form a belief. Plaintiff is left to her proofs.

50.    In answer to Paragraph 50, these Defendants neither admit nor deny the allegation contained therein in the manner and form alleged because it is vague or because of insufficient information upon which to form a belief.  Plaintiff is left to her proofs.

51.    In answer to Paragraph 51, these Defendants again deny that Plaintiff was entitled to receipt of the funds in the subject account.  As to the remaining allegations, to the extent there are any, these Defendants neither admit nor deny same because they are vague or because of insufficient information upon which to form a belief. Plaintiff is left to her proofs.

52.    In answer to Paragraph 52, these Defendants again deny that Plaintiff was entitled to receipt of the funds in the subject account.  As to the remaining allegations, to the extent there are any, these Defendants neither admit nor deny same because they are vague or because of insufficient information upon which to form a

belief. Plaintiff is left to her proofs.

53.    In answer to Paragraph 53, these Defendants neither admit nor deny the allegation contained therein in the manner and form alleged because it is vague or because of insufficient information upon which to form a belief.  Plaintiff is left to her proofs.

54.    In answer to Paragraph 54, these Defendants neither admit nor deny the allegation contained therein in the manner and form alleged because it is vague or because of insufficient information upon which to form a belief.  Plaintiff is left to her proofs.

55.    In answer to Paragraph 55, these Defendants neither admit nor deny the allegation contained therein because of insufficient information upon which to form a belief. Plaintiff is left to her proofs.

56.    In answer to Paragraph 56, these Defendants neither admit nor deny the allegation contained therein because of insufficient information upon which to form a belief. Plaintiff is left to her proofs.

57.    In answer to Paragraph 57, these Defendants neither admit nor deny the allegation contained therein because it is vague or because of insufficient information upon which to form a belief. Plaintiff is left to her proofs.

58.    In answer to Paragraph 58, these Defendants deny the allegation contained therein.

59.     In answer to Paragraph 59, these Defendants neither admit nor deny the allegation contained therein because it is vague or because of insufficient information upon which to form a belief. Plaintiff is left to her proofs.

60.     In answer to Paragraph 60, these Defendants deny the allegation contained therein.

61.     In answer to Paragraph 61, these Defendants again deny all allegations of wrongdoing.  These Defendants also deny that Plaintiff sustained any injuries or damages which were proximately caused by any of Defendants' actions or omissions.

<u>**COUNT I**</u>
<u>**VIOLATION OF THE FOURTH AMENDMENT**</u>
<u>**42 U.S.C. §1983- ILLEGAL SEARCH AND SEIZURE**</u>
<u>**AS TO DEFENDANTS DIGUISEPPE, GIAQUINTO, RINEHART,**</u>
<u>**AND DOHERTY**</u>

62.     These Defendants hereby restate and incorporate by reference each and every paragraph set forth above, as though fully set forth herein, and further state:

63.     In answer to Paragraph 63, these Defendants state that the allegation contained therein is a statement of law, and no response is required.  However, to the extent it is determined that an answer is required, these Defendants neither admit nor deny the allegation in the manner and form alleged because it is vague or because of insufficient information upon which to form a belief.  Plaintiff is left to her proofs.

64.     In answer to Paragraph 64, these Defendants again deny all allegations of wrongdoing.  As to the remaining allegations, to the extent there are any, these

Defendants neither admit nor deny same because they are vague or because of insufficient information upon which to form a belief. Plaintiff is left to her proofs.

65.    In answer to Paragraph 65, these Defendants again deny all allegations of wrongdoing.  As to the remaining allegations, to the extent there are any, these Defendants neither admit nor deny same because they are vague or because of insufficient information upon which to form a belief. Plaintiff is left to her proofs.

66.    In answer to Paragraph 66, these Defendants again deny all allegations of wrongdoing.  These Defendants also deny that they are not entitled to absolute or qualified immunity against Plaintiff's claims.  As to the remaining allegation, to the extent there is any, these Defendants neither admit nor deny same because it is vague or because of insufficient information upon which to form a belief. Plaintiff is left to her proofs.

67.    In answer to Paragraph 67, these Defendants again deny all allegations of wrongdoing.  As to the remaining allegation, to the extent there is any, these Defendants neither admit nor deny same because it is vague or because of insufficient information upon which to form a belief. Plaintiff is left to her proofs.

68.    In answer to Paragraph 68, these Defendants again deny all allegations of wrongdoing, including but not limited to violation of Plaintiff's constitutional rights.  These Defendant also deny that Plaintiff has a viable claim of damages.  As to the remaining allegations, to the extent there are any, these Defendants neither

admit nor deny same because they are vague or because of insufficient information upon which to form a belief. Plaintiff is left to her proofs.

**WHEREFORE,** Defendants **NICHOLAS GIAQUINTO AND JAMES DIGIUSEPPE,** respectfully request that this Honorable Court enter a judgment in favor of these Defendants dismissing this matter and assessing attorney fees and costs as this Court deems reasonable and just.

**COUNT II**
**VIOLATION OF THE FOURTH AMENDMENT**
**42 U.S.C. §1983- MALICIOUS PROSECUTION**
**AS TO DEFENDANTS DIGIUSEPPE, GIAQUINTO, RINEHART,**
**AND DOHERTY**

69.     These Defendants hereby restate and incorporate by reference each and every paragraph set forth above, as though fully set forth herein, and further state:

70.     In answer to Paragraph 70, these Defendants deny the allegations contained therein.

71.     In answer to Paragraph 71, these Defendants deny the allegations contained therein, including that thy initiated or continued a malicious prosecution against Plaintiff.

72.     In answer to Paragraph 72, these Defendants deny that they engaged in any unlawful actions or that they are not entitled to absolute or qualified immunity. As to the remaining allegation, these Defendants neither admit nor deny same because it is vague or because of insufficient information upon which to form a belief.

Plaintiff is left to her proofs.

73.     In answer to Paragraph 73, these Defendants deny the allegations contained therein, including that Plaintiff was wrongfully prosecuted or that Plaintiff did not commit a crime.

74.     In answer to Paragraph 74, these Defendants deny the allegation contained therein, including that they falsely or recklessly built a criminal case against Plaintiff.

75.     In answer to Paragraph 75, these Defendants deny the allegation contained therein.

76.     In answer to Paragraph 76, these Defendants deny the allegation in the manner and form alleged.  Plaintiff is left to her proofs.

77.     In answer to Paragraph 77,  these Defendants deny the allegations contained therein.

78.     In answer to Paragraph 78, these Defendants deny the allegations contained therein, including that they falsely or recklessly built a case against Plaintiff.

79.     In answer to Paragraph 79, these Defendants deny the allegations contained therein, including that they are not entitled to qualified or absolute immunity.

80.     In answer to Paragraph 80, these Defendants again deny all allegations of wrongdoing.  These Defendants also again deny that Plaintiff was maliciously prosecuted or that they violated Plaintiff's fourth amendment rights. As to the remaining allegation, to the extent there is any, these Defendants neither admit nor deny same because it is vague or because of insufficient information upon which to form a belief. Plaintiff is left to her proofs.

81.     In answer to Paragraph 81, these Defendants again deny all allegations of wrongdoing, including but not limited to violation of Plaintiff's constitutional rights.  These Defendant also deny that Plaintiff has a viable claim of damages.  As to the remaining allegations, to the extent there are any, these Defendants neither admit nor deny same because they are vague or because of insufficient information upon which to form a belief. Plaintiff is left to her proofs.

**WHEREFORE,** Defendants **NICHOLAS GIAQUINTO AND JAMES DIGIUSEPPE,** respectfully request that this Honorable Court enter a judgment in favor of these Defendants dismissing this matter and assessing attorney fees and costs as this Court deems reasonable and just.

## COUNT III
## VIOLATION OF THE FOURTEENTH AMENDMENT
## 42 U.S.C. §1983- SUBSTANTIVE DUE PROCESS
## AS TO DEFENDANTS DIGUISEPPE, GIAQUINTO, RINEHART,
## AND DOHERTY

82.    These Defendants hereby restate and incorporate by reference each and every paragraph set forth above, as though fully set forth herein, and further state:

83.    In answer to Paragraph 83, these Defendants deny that they violated Plaintiff's Fourteenth Amendment rights. In further answer, these Defendants admit that at all times relevant, Defendant Giaquinto was acting under color of law. As to the remaining allegation, these Defendants neither admit nor deny same because it is vague or because of insufficient information upon which to form a belief. Plaintiff is left to her proofs.

84.    In answer to Paragraph 84, these Defendants state that the allegation contained therein is a statement of law, and no response is required.  However, to the extent it is determined that an answer is required, these Defendants neither admit nor deny the allegation in the manner and form alleged because it is vague or because of insufficient information upon which to form a belief.  Plaintiff is left to her proofs.

85.    In answer to Paragraph 85, these Defendants state that the allegation contained therein is a statement of law, and no response is required.  However, to the extent it is determined that an answer is required, these Defendants neither admit nor deny the allegation in the manner and form alleged because it is vague or because of

insufficient information upon which to form a belief.  Plaintiff is left to her proofs.

86.    In answer to Paragraph 86, these Defendants state that the allegation contained therein is a statement of law, and no response is required.  However, to the extent it is determined that an answer is required, these Defendants neither admit nor deny the allegation in the manner and form alleged because it is vague or because of insufficient information upon which to form a belief.  Plaintiff is left to her proofs.

87.    In answer to Paragraph 87, these Defendants state that the allegation contained therein is a statement of law, and no response is required.  However, to the extent it is determined that an answer is required, these Defendants neither admit nor deny the allegation in the manner and form alleged because of insufficient information upon which to form a belief.  Plaintiff is left to her proofs.

88.    In answer to Paragraph 88, these Defendants deny the allegation contained therein.

89.    In answer to Paragraph 89, these Defendants again deny all allegations of wrongdoing.  These Defendant also deny that Plaintiff sustained any injuries or damages which were proximately caused by any of these Defendants' actions or omissions.  As to the remaining allegation, to the extent there is any, these Defendants neither admit nor deny same because it is vague or because of insufficient information upon which to form a belief. Plaintiff is left to her proofs.

90.    In answer to Paragraph 90, these Defendants again deny all allegations of wrongdoing.  These Defendant also deny that Plaintiff sustained any injuries or damages which were proximately caused by any of these Defendants' actions or omissions.  As to the remaining allegation, to the extent there is any, these Defendants neither admit nor deny same because it is vague or because of insufficient information upon which to form a belief. Plaintiff is left to her proofs.

91.    In answer to Paragraph 91, these Defendants again deny all allegations of wrongdoing, including that they acted recklessly or with deliberate indifference as it relates to Plaintiff, or that they deprived Plaintiff of any of her constitutional rights.

92.    In answer to Paragraph 92, these Defendants deny all allegations of wrongdoing, including but not limited to violation of Plaintiff's constitutional rights. These Defendant also deny that Plaintiff has a viable claim of damages.  As to the remaining allegations, to the extent there are any, these Defendants neither admit nor deny same because they are vague or because of insufficient information upon which to form a belief. Plaintiff is left to her proofs.

**WHEREFORE,** Defendants **NICHOLAS GIAQUINTO AND JAMES DIGIUSEPPE,** respectfully request that this Honorable Court enter a judgment in favor of these Defendants dismissing this matter and assessing attorney fees and costs as this Court deems reasonable and just.

## COUNT IV
## 42 U.S.C. §1983- CIVIL CONSPIRACY TO VIOLATE PLAINTIFF'S CIVIL RIGHTS AS TO DEFENDANTS DIGUISEPPE, GIAQUINTO, RINEHART, AND DOHERTY

93.     These Defendants hereby restate and incorporate by reference each and every paragraph set forth above, as though fully set forth herein, and further state:

94.     In answer to Paragraph 94, these Defendants deny the allegations contained therein.

95.     In answer to Paragraph 95, these Defendants deny the allegation contained therein.

96.     In answer to Paragraph 96, these Defendants deny the allegation contained therein.

97.     In answer to Paragraph 97, these Defendants deny the allegations contained therein, including that there was a plan to falsely arrest or maliciously prosecute Plaintiff for crimes Plaintiff did not commit, that they made any false or material misrepresentations in relationship to Plaintiff, or that there was a "scheme and plan to have Plaintiff arrested before a holiday."

98.     In answer to Paragraph 98, these Defendants deny the allegations contained therein, including that there was a conspiracy to engage in any of the acts identified in Plaintiff's Complaint, as set forth in sub-paragraphs a-e, or otherwise.

99.     In answer to Paragraph 99, these Defendants deny the allegation contained therein.

100.   In answer to Paragraph 100, these Defendants deny the allegations contained therein, including that there was a conspiracy or that Plaintiff sustained any injuries or damages which were proximately caused by any actions or omissions of these Defendants.

**WHEREFORE,** Defendants **NICHOLAS GIAQUINTO AND JAMES DIGIUSEPPE,** respectfully request that this Honorable Court enter a judgment in favor of these Defendants dismissing this matter and assessing attorney fees and costs as this Court deems reasonable and just.

## COUNT V
## DEFENDANT CITY OF DETROIT AND DEFENDANT COUNTY OF WAYNE'S CONSTITUTIONAL VIOLATIONS

101.   These Defendants hereby restate and incorporate by reference each and every paragraph set forth above, as though fully set forth herein, and further state:

102.   In answer to Paragraph 102, these Defendants state that the allegations contained therein are not directed toward them, therefore, no answer is required. However, to the extent it is determined that an answer is required, these Defendants neither admit nor deny the allegations because of insufficient information upon which to form a belief.  Plaintiff is left to her proofs.

103.   In answer to Paragraph 103, these Defendants state that the allegations contained therein are not directed toward them, therefore, no answer is required. However, to the extent it is determined that an answer is required, these Defendants

neither admit nor deny the allegations because of insufficient information upon which to form a belief.  Plaintiff is left to her proofs.

104.   In answer to Paragraph 104, these Defendants state that the allegations contained therein are not directed toward them, therefore, no answer is required. However, to the extent it is determined that an answer is required, these Defendants neither admit nor deny the allegations because of insufficient information upon which to form a belief.  Plaintiff is left to her proofs.

105.   In answer to Paragraph 105, these Defendants state that the allegations contained therein are not directed toward them, therefore, no answer is required. However, to the extent it is determined that an answer is required, these Defendants neither admit nor deny the allegations because of insufficient information upon which to form a belief.  Plaintiff is left to her proofs.

106.   In answer to Paragraph 106, these Defendants state that the allegations contained therein are not directed toward them, therefore, no answer is required. However, to the extent it is determined that an answer is required, these Defendants neither admit nor deny the allegations because of insufficient information upon which to form a belief.  Plaintiff is left to her proofs.

107.   In answer to Paragraph 107, these Defendants state that the allegations contained therein are not directed toward them, therefore, no answer is required. However, to the extent it is determined that an answer is required, these Defendants

neither admit nor deny the allegations because of insufficient information upon which to form a belief.  Plaintiff is left to her proofs.

108.   In answer to Paragraph 108, these Defendants state that the allegations contained therein are not directed toward them, therefore, no answer is required. However, to the extent it is determined that an answer is required, these Defendants neither admit nor deny the allegations because of insufficient information upon which to form a belief.  Plaintiff is left to her proofs.

109.   In answer to Paragraph 109, these Defendants state that the allegations contained therein are not directed toward them, therefore, no answer is required. However, to the extent it is determined that an answer is required, these Defendants neither admit nor deny the allegations because of insufficient information upon which to form a belief.  Plaintiff is left to her proofs.

**WHEREFORE,** Defendants **NICHOLAS GIAQUINTO AND JAMES DIGIUSEPPE,** respectfully request that this Honorable Court enter a judgment in favor of these Defendants dismissing this matter and assessing attorney fees and costs as this Court deems reasonable and just.

### COUNT VI
### CIVIL CONSPIRACY PURSUANT TO STATE LAW
### AS TO DEFENDANTS DIGUISEPPE, GIAQUINTO, RINEHART, AND DOHERTY

110.   These Defendants hereby restate and incorporate by reference each and every paragraph set forth above, as though fully set forth herein, and further state:

111.   In answer to Paragraph 111, these Defendants deny the allegations contained therein.

112.   In answer to Paragraph 112, these Defendants deny the allegation contained therein.

113.   In answer to Paragraph 113, these Defendants deny the allegation contained therein.

114.   In answer to Paragraph 114, these Defendants deny the allegations contained therein, including that there was a plan to falsely arrest or maliciously prosecute Plaintiff for crimes Plaintiff did not commit, that they made any false or material misrepresentations in relationship to Plaintiff, or that there was a "scheme and plan to have Plaintiff arrested before a holiday."

115.   In answer to Paragraph 115, these Defendants deny the allegations contained therein, including that there was a conspiracy to engage in any of the acts identified in Plaintiff's Complaint, as set forth in sub-paragraphs a-e, or otherwise.

116.   In answer to Paragraph 116, these Defendants deny the allegations contained therein.

117.   In answer to Paragraph 117, these Defendants deny the allegations contained therein, including that that there was a conspiracy or that Plaintiff sustained any injuries or damages which were proximately caused by any actions or omissions of these Defendants.

**WHEREFORE,** Defendants **NICHOLAS GIAQUINTO AND JAMES DIGIUSEPPE,** respectfully request that this Honorable Court enter a judgment in favor of these Defendants dismissing this matter and assessing attorney fees and costs as this Court deems reasonable and just.

## COUNT VII
## GROSS NEGLIGENCE AS TO DEFENDANTS DIGIUSEPPE, GIAQUINTO, RINEHART, AND DOHERTY

118.   These Defendants hereby restate and incorporate by reference each and every paragraph set forth above, as though fully set forth herein, and further state:

119.   In answer to Paragraph 119, these Defendants neither admit nor deny the allegations contained therein because they are vague or because of insufficient information upon which to form a belief. Plaintiff is left to her proofs.

120.   In answer to Paragraph 120, these Defendants deny the allegations contained therein.

121.   In answer to Paragraph 121, these Defendants deny the allegation contained therein.

122.   In answer to Paragraph 122, these Defendants admit they owed all duties defined by law, but deny they owed any other alleged duties, expressed or implied. Plaintiff is left to her proofs.

123.   In answer to Paragraph 123, these Defendants again deny all allegations of wrongdoing, including that they breached any duty owed to Plaintiff.  These

Defendants also again deny that any of their actions or omissions caused any injury to Plaintiff.

124.   In answer to Paragraph 124, these Defendants again deny all allegations of wrongdoing, including that they breached any duty owed to Plaintiff.  As to the remaining allegation, to the extent there is any, these Defendants neither admit nor deny same because it is vague or because of insufficient information upon which to form a belief. Plaintiff is left to her proofs.

125.   In answer to Paragraph 125, these Defendants again deny all allegations of wrongdoing, but admit that Plaintiff was owed all duties defined by law. Plaintiff is left to her proofs.

126.   In answer to Paragraph 126, these Defendants deny the allegations contained therein.

127.   In answer to Paragraph 127, these Defendants again deny all allegations of wrongdoing, including that they breached any duty owed to Plaintiff.   These Defendants also again deny that any of their actions or omissions caused any injury to Plaintiff.

128.   In answer to Paragraph 128, these Defendants deny the allegations contained therein.

**WHEREFORE,** Defendants **NICHOLAS GIAQUINTO AND JAMES DIGIUSEPPE,** respectfully request that this Honorable Court enter a judgment in

favor of these Defendants dismissing this matter and assessing attorney fees and costs as this Court deems reasonable and just.

**COUNT VIII**
**ABUSE OF PROCESS AS TO DEFENDANTS DIGUISEPPE, GIAQUINTO, RINEHART, AND DOHERTY**

129.   These Defendants hereby restate and incorporate by reference each and every paragraph set forth above, as though fully set forth herein, and further state:

130.   In answer to Paragraph 130, these Defendants deny the allegation contained therein.

131.   In answer to Paragraph 131, these Defendants deny the allegation contained therein.

132.   In answer to Paragraph 132, these Defendants deny the allegations contained therein, including that they made any false statements or material misrepresentations regarding Plaintiff.

133.   In answer to Paragraph 133, these Defendants deny the allegations contained therein, including that they misused the criminal justice process and/or system.

134.   In answer to Paragraph 134, these Defendants deny the allegation contained therein.

135.   In answer to Paragraph 135, these Defendants deny the allegation contained therein.

**WHEREFORE,** Defendants **NICHOLAS GIAQUINTO AND JAMES DIGIUSEPPE,** respectfully request that this Honorable Court enter a judgment in favor of these Defendants dismissing this matter and assessing attorney fees and costs as this Court deems reasonable and just.

Respectfully submitted,

**FOSTER, SWIFT, COLLINS & SMITH, PC**

By: /s/ Dora A. Brantley
**DORA A. BRANTLEY (P49088)**
Attorneys for Defendants,
Nicholas Giaquinto and James DiGuiseppe
28411 Northwestern Highway, Suite 500
Southfield, MI  48034
(248) 539-9900

Dated: March 4, 2024

## SPECIAL AND AFFIRMATIVE DEFENSES

**NOW COME** Defendants, **NICHOLAS GIAQUINTO AND JAMES DIGIUSEPPE**, by and through their attorneys, **FOSTER, SWIFT, COLLINS & SMITH, PC,** and for their Special and Affirmative Defenses to the claims asserted in Plaintiff's Complaint, state as follows:

These Defendants' investigation and discovery is ongoing and, therefore, these Defendants do not know at present all of the following Special and Affirmative Defenses which will be supported by the proofs. These Defendants give notice of their reservation of the following Special and Affirmative Defenses in order to preserve them and avoid waiver of them.

1.      These Defendants incorporate, by reference, their Answer to Plaintiff's Complaint.

2.      Plaintiff has failed to set forth a cause of action upon which relief can be granted, including, but not limited to a claim for exemplary or punitive damages.

3.      Any injury or damage suffered by Plaintiff was caused by reason of Plaintiff's wrongful acts and conduct and not by reason of any unlawful or wrongful acts or omissions of Defendants.

4.      If the Plaintiff sustained any injury, damage, or loss, the same was solely and proximately occasioned by Plaintiff's own actions and omissions, including, but not limited to Plaintiff's act of withdrawing from an account funds which were not lawfully hers.

5.      Plaintiff has unclean hands.

6.      These Defendants were, at all times mentioned in Plaintiff's Complaint, duly qualified, appointed and acting police officers of the City of Detroit and a peace officer of the State of Michigan, and that all times herein mentioned, Defendant Nicholas Giaquinto was engaged in the performance of his regularly assigned duties as a police officer, and Defendant James DiGuiseppe was a victim of a crime committed by Plaintiff.

7.      These Defendants did not investigate, prosecute, arrest, seize, or detain Plaintiff.

8.    These Defendants did not make any false statements or material misrepresentations regarding Plaintiff.

9.    These Defendants at all times acted in good faith and without malice and within the scope of their duties as police officers of the City of Detroit and peace officer of the State of Michigan, and in the case of James DiGuiseppe, as a victim of a crime.

10.    These Defendants are protected from liability against Plaintiff's claims by reason of governmental immunity, absolute immunity, and/or qualified immunity.

11.    Plaintiff's claims may be barred by the statute of limitations, collateral estoppel and/or res judicata.

12.    Plaintiff may have failed to mitigate her alleged damages.

13.    All actions of these Defendants were supported by probable cause and in good faith.

14.    These Defendants incorporate any Affirmative Defense plead by any other Defendant to the extent said Affirmative Defense is not adverse to these Defendants.

These Defendants demand that Plaintiff join every legal or equitable claim which arises out of this transaction or occurrence which is the subject matter of the instant action.

Respectfully submitted,

**FOSTER, SWIFT, COLLINS & SMITH, PC**

By: /s/ Dora A. Brantley
**DORA A. BRANTLEY (P49088)**
Attorneys for Defendants,
Nicholas Giaquinto and James DiGuiseppe
28411 Northwestern Highway, Suite 500
Southfield, MI  48034
(248) 539-9900

Dated: March 4, 2024

## RELIANCE ON PLAINTIFF'S JURY DEMAND

**NOW COME** Defendants, **NICHOLAS GIAQUINTO AND JAMES DIGIUSEPPE**, and hereby rely on the jury demand filed by Plaintiff.

Respectfully submitted,

**FOSTER, SWIFT, COLLINS & SMITH, PC**

By: /s/ Dora A. Brantley
**DORA A. BRANTLEY (P49088)**
Attorneys for Defendants,
Nicholas Giaquinto and James DiGuiseppe
28411 Northwestern Highway, Suite 500
Southfield, MI  48034
(248) 539-9900

Dated: March 4, 2024

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing was served upon counsel of record via the CM/ECF e-filing system on March 4, 2024.

/s/ *Dora A. Brantley*