## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

KIMBERLY WROBLEWSKI,

     Plaintiff,

v.                          CASE NUMBER: 24-cv-10011
                             HON: MARK A. GOLDSMITH

CITY OF DETROIT, COUNTY OF WAYNE,
JAMES DIGUISEPPE, NICHOLAS GIAQUINTO,
BRIAN RINEHART, and DENNIS DOHERTY,
in their individual and official capacities,

     Defendants.

                                                 /

CHRISTOPHER TRAINOR & ASSOCIATES
CHRISTOPHER J. TRAINOR (P42449)
SHAWN C. CABOT (P64021)
KRYSTINA R. DOSS (P77365)
Attorneys for Plaintiff
9750 Highland Road
White Lake, MI  48386
(248) 886-8650
shawn.cabot@cjtrainor.com
krystina.doss@cjtrainor.com

CITY OF DETROIT LAW DEPARTMENT
BEN PATTERSON (P85118)
Attorneys for Def City of Detroit
2 Woodward Avenue, Suite 500
Detroit, MI 48226
(313) 237-5082 / (313) 224-5505 -fax
Ben.Patterson@detroitmi.gov

WAYNE COUNTY CORPORATION COUNSEL
JOHN C. BOUFFORD (P55313)
Attorneys for Defs. County of
Wayne, Rinehart, and Doherty
500 Griswold Street, 30th Floor
Detroit, Michigan 48226
313-224-0572
jboufford@waynecounty.com

FOSTER, SWIFT, COLLINS & SMITH, PC
DORA A. BRANTLEY (P49088)
BRANDON WADDELL (P81494)
Attys. for Defs. Giaquinto & DiGuiseppe
28411 Northwestern Highway
Suite 500
(248) 539-9900
dbrantley@fosterswift.com
bwaddell@fosterswift.com

                                                 /

## <u>PLAINTIFF'S MOTION TO COMPEL DISCOVERY AS TO DEFENDANTS JAMES DiGUISEPPE, DENNIS DOHERTY, BRIAN RINEHART, AND WAYNE COUNTY</u>

**NOW COMES** Plaintiff, by and through her attorneys, CHRISTOPHER TRAINOR & ASSOCIATES, and for her Motion to Compel Discovery, hereby states as follows:

1.     The undersigned counsel certifies that he communicated in writing with opposing counsels, and warned that a Motion would be filed with the Court if the overdue discovery of their clients was not produced; and three business days have lapsed without opposing counsel expressly providing the outstanding discovery or providing a timeline within which the outstanding discovery would be provided, either orally or in writing.  By way of further explanation, the undersigned states that on September 26, 2024, an email was sent to attorney John Boufford who represents Defendants Wayne County, Rinehart, and Doherty.  **(Exhibit A, 09/26/2024 email to OPC Boufford).**  In that email, the undersigned advised that his clients' discovery responses were overdue, and that if complete and signed discovery answers were not received within one week, a Motion would be filed.  **(Exhibit A).**  More than three days has passed since that email, and no response as to the overdue discovery has been received.  Also on September 26, 2024, the undersigned sent an email to attorney Dora Brantley, who represents Defendants DiGuiseppe and Giaquinto. **(Exhibit B, 09/26/2024 Email to OPC Brantley).**  In that email, the undersigned

also advised opposing counsel that Defendant DiGuiseppe's discovery was overdue, and that if completed and signed discovery answers were not received within seven days, a Motion to Compel would be filed.  **(Exhibit B).**  It was not until September 30, 2024, that Ms. Brantley responded to the undersigned's email, and advised that she needed to look into the matter.  **(Exhibit B).**  No further response regarding the overdue discovery has been forthcoming, and the discovery remains outstanding.

2.      This 42 U.S.C. § 1983 action has been brought against two municipalities, law enforcement officers, and an assistant prosecuting attorney because of the false and malicious arrest of Plaintiff which occurred on January 15, 2021.  **(Complaint, ECF No. 1).**

3.      On May 24, 2024, Plaintiff served First Interrogatories to Defendant Wayne County **(Exhibit C);** Defendant Brian Rinehart **(Exhibit D);** Defendant Dennis Doherty **(Exhibit E);** and Defendant DiGuiseppe **(Exhibit E).**

4.      Also on May 24, 2024, Plaintiff served Second Requests for Production of Documents to Defendant Wayne County **(Exhibit G);** Defendant Brian Rinehart **(Exhibit H);** Defendant Dennis Doherty **(Exhibit I);** and Defendant DiGuiseppe **(Exhibit J).**

5.      On June 20, 2024, attorney John Boufford requested an additional thirty (30) days to answer the discovery, to which the undersigned did not oppose.  **(Exhibit K, 06/20/2024 email requesting 30 additional days to respond to discovery).**

6.     As set forth in paragraph one (1) of this Motion, on September 26, 2024, the undersigned sent emails to attorneys John Boufford and Dora Brantley regarding their respective clients' overdue discovery; however, no discovery responses were forthcoming, and responses remain due as of this writing.

7.     As of this writing Defendant DiGuiseppe, Defendant Doherty, Defendant Rinehart, and Defendant Wayne County have failed to respond to or otherwise object to Plaintiff's First Interrogatories.

8.     As of this writing, Defendant DiGuiseppe, Defendant Doherty, Defendant Rinehart, and Defendant Wayne County have failed to respond or otherwise object to Plaintiff's Second Request for Production of Documents.

9.     Federal Rule of Civil Procedure 33(b)(2) requires answers and any objections to Interrogatories be made within thirty (30) days of service.

10.    Federal Rule of Civil Procedure 34(b)(2)(A) requires responses and/or objections to document requests be made within thirty (30) days of service.

11.    As to the discovery at issue herein, no responses nor objections to the discovery at issue have been made.

12.    Federal Rule of Civil Procedure 37(a)(3)(B) permits a party to file a Motion to Compel discovery responses.

13.    Federal Rule of Civil Procedure 37(a)(5)(A) permits the Court to order the movant's reasonable expenses be paid for having to bring such a Motion.

14.   "As a general rule, failure to object to discovery requests within the thirty days provided by Rules 33 and 34 'constitutes a waiver of any objection.'" *Carfagno v. Jackson Nat'l Life Ins. Co*., 2001 U.S. Dist. LEXIS 1768, *3 (W.D. Mich. 2001) **(Exhibit L).**

15.   Plaintiff requests that all of the overdue discovery set forth herein be produced forthwith, be signed, and that any objections be deemed waived.

**WHEREFORE,** Plaintiff respectfully requests that Defendants Diguiseppe, Doherty, Rinehart, and Wayne County produce complete and signed answers to Plaintiff's First Interrogatories forthwith and without objection; and that Defendants Diguiseppe, Doherty, Rinehart, and Wayne County produce complete and signed answers to Plaintiff's Second Request for Production of Documents forthwith and without objection.

Respectfully Submitted,
CHRISTOPHER TRAINOR & ASSOCIATES

**/s/ Shawn C. Cabot**
CRISTOPHER J. TRAINOR (P42449)
SHAWN C. CABOT (P64021)
KRYSTINA R. DOSS (P77365)
Attorneys for Plaintiff
9750 Highland Road
White Lake, MI  48386
(248) 886-8650
shawn.cabot@cjtrainor.com

Dated:  October 29, 2024
SCC/

## <u>LOCAL RULE CERTIFICATION</u>

I, Shawn C. Cabot, certify that this document complies with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one-inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 per inch (for non-proportional fonts) or 14 point (for proportional fonts).  I also certify that it is the appropriate length.  Local Rule 7.1(d)(3).

Respectfully Submitted,
CHRISTOPHER TRAINOR & ASSOCIATES

**/s/ Shawn C. Cabot**
CRISTOPHER J. TRAINOR (P42449)
SHAWN C. CABOT (P64021)
KRYSTINA R. DOSS (P77365)
Attorneys for Plaintiff
9750 Highland Road
White Lake, MI  48386
(248) 886-8650
shawn.cabot@cjtrainor.com

Dated:  October 29, 2024
SCC/

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN

KIMBERLY WROBLEWSKI,

    Plaintiff,

v.

                              CASE NUMBER: 24-cv-10011
                              HON: MARK A. GOLDSMITH

CITY OF DETROIT, COUNTY OF WAYNE,
JAMES DIGUISEPPE, NICHOLAS GIAQUINTO,
BRIAN RINEHART, and DENNIS DOHERTY,
in their individual and official capacities,

    Defendants.

_____/

| | |
|---|---|
| CHRISTOPHER TRAINOR & ASSOCIATES | CITY OF DETROIT LAW DEPARTMENT |
| CHRISTOPHER J. TRAINOR (P42449) | BEN PATTERSON (P85118) |
| SHAWN C. CABOT (P64021) | Attorneys for Def City of Detroit |
| KRYSTINA R. DOSS (P77365) | 2 Woodward Avenue, Suite 500 |
| Attorneys for Plaintiff | Detroit, MI 48226 |
| 9750 Highland Road | (313) 237-5082 / (313) 224-5505 -fax |
| White Lake, MI  48386 | Ben.Patterson@detroitmi.gov |
| (248) 886-8650 | |
| shawn.cabot@cjtrainor.com | |
| krystina.doss@cjtrainor.com | |
| | |
| WAYNE COUNTY CORPORATION COUNSEL | FOSTER, SWIFT, COLLINS & SMITH, PC |
| JOHN C. BOUFFORD (P55313) | DORA A. BRANTLEY (P49088) |
| Attorneys for Defs. County of | BRANDON WADDELL (P81494) |
| Wayne, Rinehart, and Doherty | Attys. for Defs. Giaquinto & DiGuiseppe |
| 500 Griswold Street, 30th Floor | 28411 Northwestern Highway |
| Detroit, Michigan 48226 | Suite 500 |
| 313-224-0572 | (248) 539-9900 |
| jboufford@waynecounty.com | dbrantley@fosterswift.com |
| | bwaddell@fosterswift.com |

_____/

**<u>BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL
DISCOVERY AS TO DEFENDANTS JAMES DiGUISEPPE, DENNIS
DOHERTY, BRIAN RINEHART, AND WAYNE COUNTY</u>**

## <u>CONCISE STATEMENT OF THE ISSUES PRESENTED</u>

I.     Is Plaintiff entitled to have overdue discovery answers produced forthwith and any objections that the responding party may have be waived?

## <u>CONTROLLING/MOST APPROPRIATE AUTHORITY</u>

Fed. R. Civ. P. 33(b)(2)

Fed. R. Civ. P. 34(b)(2)(A)

Fed. R. Civ. P. 37(a)(3)(B)

Fed. R. Civ. P. 37(a)(5)(A)

*Carfagno v. Jackson Nat'l Life Ins. Co*., 2001 U.S. Dist. LEXIS 1768, *3 (W.D. Mich. 2001)

## <u>INTRODUCTION AND OVERVIEW</u>

On May 24, 2024, Plaintiff served First Interrogatories to Defendant Wayne County **(Exhibit C);** Defendant Brian Rinehart **(Exhibit D);** Defendant Dennis Doherty **(Exhibit E);** and Defendant DiGuiseppe **(Exhibit E).** Also on May 24, 2024, Plaintiff served Second Requests for Production of Documents to Defendant Wayne County **(Exhibit G);** Defendant Brian Rinehart **(Exhibit H);** Defendant Dennis Doherty **(Exhibit I);** and Defendant DiGuiseppe **(Exhibit J).** As of this writing, the aforementioned discovery remains outstanding. Furthermore, on June 20, 2024, attorney John Boufford requested an additional thirty (30) days to answer the discovery, to which the undersigned did not oppose. **(Exhibit K, 06/20/2024 email requesting 30 additional days to respond to discovery).** Unfortunately, the aforementioned discovery was not answered, and remains unanswered.

As set forth in paragraph 1 of the attached Motion, on September 26, 2024, the undersigned sent emails to attorneys John Boufford and Dora Brantley regarding their respective clients' overdue discovery; however, no discovery responses were forthcoming. **(Exhibit A; Exhibit B).** As of this writing Defendant DiGuiseppe, Defendant Doherty, Defendant Rinehart, and Defendant Wayne County have failed to respond to or otherwise object to Plaintiff's First Interrogatories; and Defendant DiGuiseppe, Defendant Doherty, Defendant Rinehart, and Defendant Wayne County

have failed to respond or otherwise object to Plaintiff's Second Request for Production of Documents.

## **LEGAL ARGUMENTS**

Federal Rule of Civil Procedure 33(b)(2) requires answers and any objections to Interrogatories be made within thirty (30) days of service. Similarly, Fed. R. Civ. P. 34(b)(2)(A) requires that responses and/or objections to document requests be made within thirty (30) days of service. As set forth herein and in the attached Motion, as to the discovery at issue herein, no responses or objections have been made. In situations where parties refuse to answer discovery, Fed. R. Civ. P. 37(a)(3)(B) permits a party to file a Motion to Compel discovery responses. Additionally, Fed. R. Civ. P. 37(a)(5)(A) permits the Court to order the movant's reasonable expenses be paid for having to bring such a Motion. Finally, "[a]s a general rule, failure to object to discovery requests within the thirty days provided by Rules 33 and 34 'constitutes a waiver of any objection.'" *Carfagno v. Jackson Nat'l Life Ins. Co.*, 2001 U.S. Dist. LEXIS 1768, *3 (W.D. Mich. 2001) **(Exhibit L).** As indicated herein, Plaintiff requests that her overdue discovery be fully answered without objections and signed forthwith.

## **CONCLUSION**

In light of the evidence and legal arguments presented, Plaintiff respectfully requests that Defendants Diguiseppe, Doherty, Rinehart, and Wayne County produce

complete and signed answers to Plaintiff's First Interrogatories forthwith and without objection; and that Defendants Diguiseppe, Doherty, Rinehart, and Wayne County produce complete and signed answers to Plaintiff's Second Request for Production of Documents forthwith and without objection.

Respectfully Submitted,
CHRISTOPHER TRAINOR & ASSOCIATES

**/s/ Shawn C. Cabot**
CRISTOPHER J. TRAINOR (P42449)
SHAWN C. CABOT (P64021)
KRYSTINA R. DOSS (P77365)
Attorneys for Plaintiff
9750 Highland Road
White Lake, MI  48386
(248) 886-8650
shawn.cabot@cjtrainor.com

Dated:  October 29, 2024
SCC/

## <u>LOCAL RULE CERTIFICATION</u>

I, Shawn C. Cabot, certify that this document complies with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one-inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 per inch (for non-proportional fonts) or 14 point (for proportional fonts).  I also certify that it is the appropriate length.  Local Rule 7.1(d)(3).

<div style="margin-left:40%;">

Respectfully Submitted,
CHRISTOPHER TRAINOR & ASSOCIATES

**<u>/s/ Shawn C. Cabot</u>**
CRISTOPHER J. TRAINOR (P42449)
SHAWN C. CABOT (P64021)
KRYSTINA R. DOSS (P77365)
Attorneys for Plaintiff
9750 Highland Road
White Lake, MI  48386
(248) 886-8650
shawn.cabot@cjtrainor.com

</div>

Dated:  October 29, 2024
SCC/

## <u>PROOF OF SERVICE</u>

I hereby certify that the foregoing paper was electronically filed and served to all attorneys of record by using the ECF electronic filing system on October 30, 2024.

**<u>/s/ Andrew Callender</u>**
***Andrew Callender***