# EXHIBIT D

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

KIMBERLY WROBLEWSKI,

    Plaintiff,

v.                                CASE NUMBER: 24-cv-10011
                                  HON: MARK A. GOLDSMITH

CITY OF DETROIT, COUNTY OF WAYNE,
JAMES DIGUISEPPE, NICHOLAS GIAQUINTO,
BRIAN RINEHART, and DENNIS DOHERTY,
in their individual and official capacities,

    Defendants.

_____/

| | |
|---|---|
| CHRISTOPHER TRAINOR & ASSOCIATES<br>CHRISTOPHER J. TRAINOR (P42449)<br>SHAWN C. CABOT (P64021)<br>KRYSTINA R. DOSS (P77365)<br>Attorneys for Plaintiff<br>9750 Highland Road<br>White Lake, MI 48386<br>(248) 886-8650<br>shawn.cabot@cjtrainor.com<br>krystina.doss@cjtrainor.com | CITY OF DETROIT LAW DEPARTMENT<br>BEN PATTERSON (P85118)<br>Attorneys for Def City of Detroit<br>2 Woodward Avenue, Suite 500<br>Detroit, MI 48226<br>(313) 237-5082 / (313) 224-5505 -fax<br>Ben.Patterson@detroitmi.gov |
| WAYNE COUNTY CORPORATION COUNSEL<br>JOHN C. BOUFFORD (P55313)<br>Attorneys for Defs. County of<br>Wayne, Rinehart, and Doherty<br>500 Griswold Street, 30th Floor<br>Detroit, Michigan 48226<br>313-224-0572<br>jboufford@waynecounty.com | FOSTER, SWIFT, COLLINS & SMITH, PC<br>DORA A. BRANTLEY (P49088)<br>BRANDON WADDELL (P81494)<br>Attys. for Defs. Giaquinto & DiGuiseppe<br>28411 Northwestern Highway<br>Suite 500<br>(248) 539-9900<br>dbrantley@fosterswift.com<br>bwaddell@fosterswift.com |

_____/

## PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT BRIAN RINEHART

1

**PLEASE TAKE NOTICE** that the following Interrogatories are directed to Defendants under the provisions of Federal Rules of Civil Procedure and the various subdivisions thereof, and you are required to answer said Interrogatories with all the information as is available to you. The information to you shall include all information relevant to Federal Rules of Civil Procedure, which is in the possession or knowledge of your agents, employees, attorneys, investigators, or the agents of the same.

You are required to file answers to these Interrogatories under oath within Thirty (30) days after service of them upon you. A copy of your answers is to be served upon counsel for the Plaintiff, which said answers should be signed by you under oath.

## INTERROGATORY INSTRUCTIONS

1. "Document" means any handwritten, typewritten, recorded, or graphic matter however produced or reproduced, whether or not in the possession, custody, or control of the defendants, and whether or not claimed to be privileged against discovery or any ground, including but not limited to: all contracts, reports, books, records, lists, memoranda, correspondence, telegrams, telexes, appointment calendars, diaries, schedules, films, videos, photographs, sound recordings, signed or unsigned documents, any and all prison/jail records, as well

as sent or unsent drafts of documents. "Document" shall also mean and include the original and every copy regardless of origin or location.

2. "Identify" when used in reference to an individual means to state that person's full name, present address, present or last known position and business affiliation.

3. When used in reference to persons or members of a class, the term, "identify" means to identify each individual member or members of such class.

4. "Identify", "identification", or "describe" when used in reference to documents means to state the following as to each such document: (a) the title, if any, and the nature and contents thereof; (b) the date; (c) the date the document was executed if different from the date it bears; (d) the name, address, and position of the addressee, if any; (e) the present location and the name, present address, and position of the person having present custody; and (g) whether the document has been destroyed, and if so, with regard to such destruction, the date, the reason, and the identity of the person or persons who destroyed the document.

5. The above information shall be given in sufficient detail to enable a party or person to whom a subpoena or Request for Production is directed to fully identify the documents sought to be produced and to enable counsel for the Plaintiff to determine that such document, when produced, is, in fact, the document so described.

3

6. When used in these Interrogatories, the terms "you" and "your(s)" includes the Defendant as well as the Defendant's agents, servants, employees, partners, representatives, experts and consultants, and unless privileged, the attorneys.

7. "Date" means the exact date, month and year, if ascertainable, if not, your best approximation, which may include relationships to other events.

8. If any information is withheld under a claim of privilege or other exclusion from discovery, state the nature of the information or document withheld, the privilege or other exclusion that is claimed, and the facts upon which the claim of privilege or exclusion is based.

9. The singulars shall be deemed to include the plural and vice-versa and the words "and" and "or" shall be construed either conjunctively or disjunctively, in the manner which affords the broadest scope to the Interrogatories.

10. Do not respond to any Interrogatory merely by stating, "see attached." Specifically identify the particular documents that are responsive to each Interrogatory.

11. For the convenience of the Court and the parties, please restate each Interrogatory to your written response prior to your written identification of the produced documents.

12. The word, "person" means any natural person, firm or corporation, partnership, joint venture, or any other form of business entity.

## INTERROGATORIES

1. As a result of your involvement with the incidents involving Plaintiff and Defendant DiGuiseppe, were you disciplined or otherwise believe that you suffered any negative employment action? If your answer is in the affirmative, please provide an explanation for your belief.

**ANSWER:**

2. Did you have any sort relationship with Defendant DiGuiseppe, Defendant Giaquinto, or Defendant Doherty prior to being involved in the incidents complained of? If your answer is in the affirmative, please explain the nature of the relationship, the length of the relationship, and how often you would get together outside of work.

**ANSWER:**

3. Please explain how it was that you became involved in the matter involving Plaintiff and Defendant DiGuiseppe which ultimately led to an investigation, arrest, and prosecution of her.

**ANSWER:**

4. Please state step-by-step, every action that you undertook with respect to the investigation, arrest, and prosecution of Plaintiff; giving dates, times, places, and names.

**ANSWER:**

5. Did you go to the Westland Police Department at any time with respect to Plaintiff and the allegations made against her by Defendant DiGuiseppe? If your answer is in the affirmative, please state the following:

    a. The number of times you went there and when;

    b. Who went there with you, if anyone;

    c. Who you spoke with at the Westland Police Department and what was discussed; and

    d. whether you went there in uniform, while on duty, and in a City of Detroit police vehicle.

**ANSWER:**

6. If you have been contacted by any individuals or entities conducting any sort of investigation into anything regarding Plaintiff and Defendant DiGuiseppe, please state the names and contact information of the individuals or entities who contacted you, when they contacted you, whether the investigation is completed or ongoing, and the result of the investigations.

**ANSWER:**

7. Regarding the matter involving Plaintiff and Defendant DiGuiseppe, have you ever given a Garrity statement? If so, please state when same was provided, and who was present during same.

**ANSWER:**

6

**These Interrogatories are deemed continuing up to and through the time of trial.**

---

Names, titles, and signatures of persons answering these Interrogatories.

                          Respectfully Submitted,
                          CHRISTOPHER TRAINOR & ASSOCIATES

                          */s/ Christopher J. Trainor*
                          CHRISTOPHER J. TRAINOR (P42449)
                          SHAWN C. CABOT (P64021)
                          KRYSTINA R. DOSS (P77365)
                          Attorneys for Plaintiff
                          9750 Highland Road
                          White Lake, MI 48386
                          (248) 886-8650
                          shawn.cabot@cjtrainor.com

Dated: May 24, 2024
SCC

## PROOF OF SERVICE

The undersigned certified that on the __24__ day of May, 2024, a copy of the foregoing document was served upon the attorney (s) of record by e-mailing a copy of same to said attorney (s) at their stated business e-mail address. I declare under the penalty of perjury that the foregoing statement is true to the best of my information, knowledge and belief.

*/s/ Courtney Frederick*
Courtney Frederick