# EXHIBIT G

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

KIMBERLY WROBLEWSKI,

      Plaintiff,

v.

                               CASE NUMBER: 24-cv-10011
                               HON: MARK A. GOLDSMITH

CITY OF DETROIT, COUNTY OF WAYNE,
JAMES DIGUISEPPE, NICHOLAS GIAQUINTO,
BRIAN RINEHART, and DENNIS DOHERTY,
in their individual and official capacities,

      Defendants.

| | |
|---|---|
| CHRISTOPHER TRAINOR & ASSOCIATES<br>CHRISTOPHER J. TRAINOR (P42449)<br>SHAWN C. CABOT (P64021)<br>KRYSTINA R. DOSS (P77365)<br>Attorneys for Plaintiff<br>9750 Highland Road<br>White Lake, MI 48386<br>(248) 886-8650<br>shawn.cabot@cjtrainor.com<br>krystina.doss@cjtrainor.com | CITY OF DETROIT LAW DEPARTMENT<br>BEN PATTERSON (P85118)<br>Attorneys for Def City of Detroit<br>2 Woodward Avenue, Suite 500<br>Detroit, MI 48226<br>(313) 237-5082 / (313) 224-5505 -fax<br>Ben.Patterson@detroitmi.gov |
| WAYNE COUNTY CORPORATION COUNSEL<br>JOHN C. BOUFFORD (P55313)<br>Attorneys for Defs. County of<br>Wayne, Rinehart, and Doherty<br>500 Griswold Street, 30th Floor<br>Detroit, Michigan 48226<br>313-224-0572<br>jboufford@waynecounty.com | FOSTER, SWIFT, COLLINS & SMITH, PC<br>DORA A. BRANTLEY (P49088)<br>BRANDON WADDELL (P81494)<br>Attys. for Defs. Giaquinto & DiGuiseppe<br>28411 Northwestern Highway<br>Suite 500<br>(248) 539-9900<br>dbrantley@fosterswift.com<br>bwaddell@fosterswift.com |

## PLAINTIFF'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT WAYNE COUNTY

**NOW COMES** Plaintiff, by and through her attorneys, CHRISTOPHER TRAINOR & ASSOCIATES, who submits the following Request for Production of Documents to all Defendants.

This Request for Production of Documents is submitted pursuant to the Federal Rules of Civil Procedure. The information and documents sought must be given under oath, whether it is secured by you, your agent, representative, attorney or any other person who has made this knowledge known to you, from whom you can get this information and documents or who is competent to provide the information and documents you are requested to produce; the information and documents must be served upon the undersigned Plaintiff's attorney, CHRISTOPHER TRAINOR & ASSOCIATES, within thirty (30) days from the date this Request For Production of Documents is served upon you.

This Request for Production of Documents shall be deemed continuing and supplemental; documents and/or information shall be required immediately upon receipt thereof if the said parties directed to produce them directly or indirectly obtains further or different information and/or documents from the time the information and documents are served to the time of trial in this matter. If the items requested no longer exist or they never existed please notate the same.

## REQUEST FOR PRODUCTION OF DOCUMENTS INSTRUCTIONS

2

1.    "Document" means any handwritten, typewritten, recorded, or graphic matter however produced or reproduced, whether or not in the possession custody or control of the defendants, and whether or not claimed to be privileged against discovery or any ground, including but not limited to: all contracts, reports, books, records, lists, memoranda, correspondence, telegrams, telexes, appointment calendars, diaries, schedules, films, videos, photographs, sound recordings, signed or unsigned documents, any and all prison/jail records, as well as sent or unsent drafts of documents. "Document" shall also mean and include the original and every copy regardless of origin or location.

2.    "Identify" when used in reference to an individual means to state that person's full name, present address, present or last known position and business affiliation.

3.    When used in reference to persons or members of a class, the term, "identify" means to identify each individual member or members of such class.

4.    "Identify", "identification", or "describe" when used in reference to documents means to state the following as to each such document: (a) the title, if any, and the nature and contents thereof: (b) the date; (c) the date the document was executed if different from the date it bears; (d) the name, address, and position of the addressee, if any; (e) the present location and the name, present address, and position of the person having present custody; and (g) whether the document has been destroyed, and if so,

3

with regard to such destruction, the date, the reason and the identity of the person or persons who destroyed the document.

5.     The above information shall be given in sufficient detail to enable a party or person to whom a subpoena or Request for Production is directed to fully identify the documents sought to be produced and to enable counsel for the Plaintiff to determine that such document, when produced, is, in fact, the document so described.

6.     When used in these Interrogatories, the terms "you" and "your(s)" includes the Defendant as well as the Defendant's agents, servants, employees, partners, representatives, experts and consultants, and unless privileged, the attorneys.

7.     "Date" means the exact date, month and year, if ascertainable, if not, your best approximation, which may include relationships to other events.

8.     If any information is withheld under a claim of privilege or other exclusion from discovery, state the nature of the information or document withheld, the privilege or other exclusion that is claimed, and the facts upon which the claim of privilege or exclusion is based.

9.     The singulars shall be deemed to include the plural and vice-versa and the words "and" and "or" shall be construed either conjunctively or disjunctively, in the manner which affords the broadest scope to the Interrogatories.

10.     Do not respond to any interrogatory merely by stating, "see attached." Specifically identify the particular documents that are responsive to each Interrogatory.

4

11.    For the convenience of the Court and the parties, please restate each Interrogatory to your written response prior to your written identification of the produced documents.

12.    The word, "person" means any natural person, firm or corporation, partnership, joint venture, or any other form of business entity.

## REQUEST FOR PRODUCTION OF DOCUMENTS

Please produce the following:

1.    A complete copy of Defendant Rinehart's personnel file.

**RESPONSE:**

2.    Any and all files, records, correspondence, documents, and things in any way relating to disciplines issued and/or disciplinary action taken against Defendant Rinehart for the last ten (10) years.

**RESPONSE:**

3.    Any and all files, records, correspondence, documents, and things in any way relating to disciplines issued to Defendant Rinehart relating to any aspect of the investigation, arrest, and prosecution of Plaintiff as it relates to the subject litigation.

**RESPONSE:**

4.    A complete copy of Defendant Doherty's personnel file.

**RESPONSE:**

5.     Any and all files, records, correspondence, documents, and things in any way relating to disciplines issued to and/or disciplinary action taken against Defendant Doherty for the last ten (10) years.

**RESPONSE:**

6.     Any and all files, records, correspondence, documents, and things in any way relating to disciplines issued to Defendant Doherty relating to any aspect of the investigation, arrest, and prosecution of Plaintiff as it relates to the subject litigation.

**RESPONSE:**

7.     Any and all Garrity documents and statements (written, oral, or video) relating to Defendant Rinehart as related to the incident complained of.

**RESPONSE:**

8.     Any and all Garrity documents and statements (written, oral, or video) relating to Defendant Doherty as related to the incident complained of.

**RESPONSE:**

9.     Any and all Internal Affairs documents and things which in any way relate to Plaintiff and the incidents complained of.

**RESPONSE:**

10.    Any and all documents and things related to any complaints made by Plaintiff as to Defendant Rinehart and documents related to the investigation and ultimate resolution of same.

**RESPONSE:**

11.    Any and all documents and things related to any complaints made by Plaintiff as to Defendant Doherty and documents related to the investigation and ultimate resolution of same.

**RESPONSE:**

12.    Any and all complaints made against Defendant Rinehart by anyone in the last 7 years and documents related to the investigation and ultimate resolution of same.

**RESPONSE:**

13.    Any and all complaints made against Defendant Doherty by anyone in the last 7 years and documents related to the investigation and ultimate resolution of same.

**RESPONSE:**

14.    A complete copy of any Wayne County Prosecutor's Office files regarding the investigation of, arrest of, and prosecution of Plaintiff as it relates to the incidents complained of.

**RESPONSE:**

15.    Any and all email exchanges between Defendant Doherty, Defendant Rinehart, Defendant Giaquinto, and/or DiGuiseppe relating to the incidents complained of.

**RESPONSE:**

16.    Any and all email exchanges between Defendant Giaquinto and Dennis Doherty regarding any aspect of the incidents complained of.

7

**RESPONSE:**

17.   Any and all email exchanges between Defendant Doherty and Michigan Assistant Attorney General Scott Teter regarding any aspect of the incidents complained of.

**RESPONSE:**

18.   Any and all email exchanges between Defendant Rinehart, Defendant Doherty, and/or Michigan Assistant Attorney General Scott Teter regarding any aspect of the incidents complained of.

**RESPONSE:**

19.   Any and all email communications which in any way relate to the incident complained of.

**RESPONSE:**

20.   Any and all email communications between attorney Danny Kallabat, attorney Michael Rataj, Defendant Doherty, and prosecutor Andrieux Reginald regarding the criminal case involving Plaintiff.

**RESPONSE:**

21.   Any and all criminal investigation files regarding the incidents complained of.

**RESPONSE:**

22.   Any and all documents related to the incidents complained of that were completed and/or signed by Defendants Doherty and/or Rinehart.

8

**RESPONSE:**

23.   A **signed and executed** Investigator's Report and Wayne County Prosecuting Attorney's Recommendations on a form labeled "Detroit Police Department." **(See unsigned example as Exhibit A).**

**RESPONSE:**

24.   A copy of the LEIN request/report relating to locating Plaintiff prior to her arrest which was conducted by Officer Rachel Thomas.

**RESPONSE:**

25.   A **signed and executed** copy of the Felony Complaint. **(See unsigned example as Exhibit B).**

**RESPONSE:**

26.   A **signed and executed** copy of the Felony Warrant. **(See unsigned example as Exhibit C).**

**RESPONSE:**

27.   A **signed and executed** copy of the Information Felony. **(See unsigned example as Exhibit D).**

**RESPONSE:**

28.   A fully completed Mittimus Felony. **(See non-completed example as Exhibit E).**

**RESPONSE:**

29.    A fully completed Felony Return to Circuit Court.  **(See non-completed sample as Exhibit F).**

**RESPONSE:**

30.    Any and all documents in your possession which relate to the investigation, arrest, and prosecution of Plaintiff.

**RESPONSE:**

31.    Any and all documents related to any ethics investigations related to the incidents complained of.

**RESPONSE:**

32.    Any and all documents relating to any sort of investigations undertaken by anyone or any agency regarding the incidents complained of.

**RESPONSE:**

**These Requests for Production of Documents are deemed continuing up to and through the time of trial.**

_____

Names, titles, and signatures of persons
answering these Interrogatories.

Respectfully Submitted,
CHRISTOPHER TRAINOR & ASSOCIATES

BY: _____
CHRISTOPHER J. TRAINOR (P42449)
SHAWN C. CABOT (P64021)
KRYSTINA R. DOSS (P77365)
Attorneys for Plaintiff
9750 Highland Road
White Lake, MI 48386
(248) 886-8650
shawn.cabot@cjtrainor.com

Dated: May 23, 2024

## PROOF OF SERVICE

The undersigned certified that on the ⏟2̲4̲ day of May, 2024, a copy of the foregoing document was served upon the attorney (s) of record by e-mailing a copy of same to said attorney (s) at their stated business e-mail addresses. I declare under the penalty of perjury that the foregoing statement is true to the best of my information, knowledge and belief.

_____
_Courtney Frederick_

11

DETROIT POLICE DEPARTMENT **INVESTIGATOR'S REPORT** Date 11/06/2020

| IN CUSTODY | | DEFENDANT NAME | ADDRESS WITH ZIP CODE | | AGE | SEX | RACE | D.O.B. | IDENT. NO. |
|---|---|---|---|---|---|---|---|---|---|
| YES | NO | | | | | | | | |
| ☐ | ☒ | 1. WROBLEWSKI, KIMBERLY 3. | . | | 47 | F | WHI | | NEW |
| ☐ | ☐ | 2. | | | | | | | |
| ☐ | ☐ | 3. | | | | | | | |
| ☐ | ☐ | 4. | | | | | | | |

OFFENSE (TO BE FILLED BY PROSECUTOR)

| TIME | DATE OF OFFENSE | PLACE OF OFFENSE | | DATE OF COMPLAINT | COURT FILE NUMBER | | JACKET NUMBER |
|---|---|---|---|---|---|---|---|
| 11:30 AM | 11/04/2019 | | | 11/05/2019 | | | |

| COMPLAINANT'S NAME | ADDRESS WITH | ZIP CODE | SEX | AGE | D.O.B. | RACE | RELATION TO DEF. |
|---|---|---|---|---|---|---|---|
| James V. Diguiseppe | 3404 Fifth Street Monroe, MI 48162 | | Male | 47 | 07/21/72 | White | Strangers |

OTHER PENDING CHARGES

COMPLAINANT'S PHONE 734-301-5141

PERSON TO SIGN            ASSISTANT PROSECUTING ATTORNEY

Description of Offense and Investigation: Include Date, Time and Circumstance of Arrest and Medical Attention administered to Officers, Defendants and Complainants. Continue on Page 2 if necessary.

In 2010 Mr. Diguiseppe opened bank account 3750 0840 1527 with Bank of America. At the time the account was opened Mr. Diguiseppe was a single male and there were no additional names on the account. On April 3, 2016, Mr. Diguiseppe added his wife, Mrs. Kimberly Diguiseppe, to the account for the sole purpose of access. At no time during the marriage was there a commingling of funds. Both Mr. Diguiseppe and Mrs. Diguiseppe maintained separate bank accounts. All shared expenses were equally distributed between both Mr. Diguiseppe and Mrs. Diguiseppe. Both Mr. Diguiseppe and Mrs. Diguiseppe utilized electronic fund transfers to cover their portion of the household expenses. At no time did one party make a cash withdrawal from the other's bank account.

On May 23, 2019 an order of divorce was awarded by Judge Charlene Elder in the Couty of Wayne. Mrs. Kimberly Diguiseppe changed her name back to Kimberly Wroblewski. Bank of America account 3750 0840 1527 reverted back to the exclusive control and access of Mr. Diguiseppe.

On November 4, 2019, Ms. Wroblewski presented herself to a Bank of America employee as still being Mrs. Diguiseppe and made a cash withdrawal from account ... the amount of $4,388.39, depleting all funds in the account. This withdrawal was done without the knowledge or authority of Mr. Diguiseppe.

REVIEWED AND APPROVED BY

(SIGNATURE OF INVESTIGATING OFFICER)        (Signature of Commanding Officer)        District or Bureau

| JACKET NUMBER | WAYNE COUNTY PROSECUTING ATTORNEY'S RECOMMENDATIONS | COMPLAINT NUMBER |
|---|---|---|

| ☐ MISDEMEANOR | ☒ FELONY | IN CUSTODY? ☐ YES ☒ NO | PRECINCT (DETROIT) 7th | DATE |
|---|---|---|---|---|

I ☐ DENY ☐ RECOMMEND THE ISSUING OF A WARRANT AGAINST:

| NAME | ADDRESS | | AGE | SEX | RACE | D.O.B. | IDENT. NO. |
|---|---|---|---|---|---|---|---|
| WROBLEWSKI, KIMBERLY | | MI | 47 | F | WHI | | NEW |
| | | | | | | | |
| | | | | | | | |

OFFENSE (TO BE FILLED IN BY PROSECUTOR)

TAPE NUMBER

SECTION (TO BE FILLED IN BY PROSECUTOR)

PAGE NUMBER

| COMPLAINANT'S NAME | ADDRESS | CITY | STATE |
|---|---|---|---|
| DIGUISEPPE, JAMES V | | MONROE | MI |

INSTRUCTIONS            SIGNED

D.P.D. 467            C of D—273-RE            ASSISTANT PROSECUTING ATTORNEY

Exhibit A

DPD-467-B(10-77)

C DPD—450-RE(Rev. 10-77)

DETROIT
DEPARTMENT
POLICE

## INVESTIGATOR'S REPORT SUPPLEMENT

(Use Typewriter)                                                                    Page    3/06/202

Name of
Defendant #1 only   WROBLEWSKI, KIMBERLY                          Offense No.

Date of Complaint:   11/05/2019

### DETAILS OF INVESTIGATION (Continued)

The pattern of bank transactions:

Bi-weekly deposits into account 3750 0840 1527 from the City of Detroit, the employer of Mr. Diguiseppe.

March 11, 2016, through July 8, 2016. Ms. Wroblewski electronically transferred funds into account 3750 0840 1527 on a monthly bases to pay her portion of the mortgage a

July 9, 2016, through March 8, 2019, electronic transfers from account _____ Bank of America accounts ending in _____ both held by Ms. Wroblewski to pay his portion of the mortgage a

$720.69 was the median balance of account _____' during the marriage.

$2,843.76 was the median balance of account _____ aftern the divorce.

Witnesses

Mr. James Diguiseppe will testify to first establishing the Bank of America account _____ 2010. He will also testify to the transaction history of this account. He will further testify that the defendant was added to the account so that she would have access to the account and that at no time was this a shared account. He will also testify that the exchange of funds to address shared debt obligations was accomplished through electronic fund transfers. His testimony will also reflect that based on the order of the court during his divorce judgment that "his bank accounts and retirement/pension accounts" were to be free and clear of any claim of interest by the defendant. He will add that November 4, 2019 the defendant stole funds from his account in the sum of $4,388.39.

Detective Sergeant Kameron Sleep of the Westland Police Department will testify that he spoke with the defendant on or about November 8, 2019, over the telephone. Sergeant Sleep will add that the defendant admitted to taking the funds from Mr. Diguiseppe's account. Sergeant Sleep will also testify that the defendant represented to him that this was a "joint" account and that her reason behind taking the money was that she didn't want "the money to go missing."

A representative of the Bank of America will testify to the validity of the bank records provided as well as the withdrawal transaction of Ms. Wroblewski, the defendant, that took place on November 4, 2019.

Bank of America account _____ for the period of Feburary 6, 2016 through November 6, 2019.

Westland Police Department report 190049794 filed by Mr. Diguiseppe along with detailed case notes recorded by Sergeant Sleep.

Divorce Judgement

Bank of America transaction record dated November 4, 2019, for the withdrawal made by the defendant.

Confessions/Adminssions

See statement/notes taken by Sergeant Sleep of the Westland Police Department.

2021700649

STATE OF MICHIGAN | COMPLAINT | CASE NO: 2021700649

25TH DISTRICT LINCOLN PARK | COMPLAINT FELONY
3rd Judicial Circuit

The People of the State of Michigan

vs

KIMBERLY WROBLEWSKI 82-21700649-01

**Offense Information**
Police Agency / Report No.
82WCS 298-21
Date of Offense
11/04/2019
Place of Offense
1950 DIX HIGHWAY (BANK OF AMERICA), LINCOLN PARK
Complainant or Victim
JAMES V DIGUISEPPE
Complaining Witness
JAMES V DIGUISEPPE

**STATE OF MICHIGAN, COUNTY OF WAYNE**
The complaining witness says that on the date and the location stated above, the defendant, contrary to law,

COUNT 1: STOLEN PROPERTY - RECEIVING AND CONCEALING - $1,000.00 OR MORE BUT LESS THAN $20,000.00

did buy, receive, possess, conceal, or aid in the concealment of $4,388.39, stolen, embezzled, or converted property, knowing or having reason to know or reason to believe that the property was stolen, embezzled, or converted, and the value of the property was $1,000.00 or more but less than $20,000.00; contrary to MCL 750.535(3)(a). [750.5353A]
FELONY: 5 Years and/or $10,000.00 or 3 times the value of the property, whichever is greater. To impose a fine of 3 times the value, the defendant must admit the amount, or it must be determined by the trier of fact at trial. See *Southern Union Co. v United States 567 U.S. ___; No. 11-94 (2012).* Court may order reimbursement to state or local government for expenses incurred in relation to the incident including but not limited to expenses for emergency response and prosecution. (MCL 769.1f).

COUNT 2: LARCENY - $1,000.00 OR MORE BUT LESS THAN $20,000.00
did commit the offense of larceny by stealing $4,388.39, that belonged to James Diguiseppe, the value of the property stolen was $1,000.00 or more but less than $20,000.00; contrary to MCL 750.356(3)(a). [750.3563A]
FELONY: 5 Years and/or $10,000.00, or 3 times value of property stolen, whichever is greater. To impose a fine of 3 times the value, the defendant must admit the amount, or it must be determined by the trier of fact at trial. See *Southern Union Co. v United States 567 U.S. ___; No. 11-94 (2012).*

Court shall order law enforcement to collect a DNA identification profiling sample before sentencing or disposition, if not taken at arrest.
The complaining witness asks that defendant be apprehended and dealt with according to law.

| Warrant authorized on _1/11/21_ by: | Complaining witness signature |
| Date | |
| ~~illegible~~ | Subscribed and sworn to before me on _____ |
| Dennis Doherty P44075 | Date |
| | Judge/Magistrate/Clerk          Bar no. |

*Exhibit B*

STATE OF MICHIGAN

2021700649
CASE NO: 2021700649

25TH DISTRICT LINCOLN
PARK
3rd Judicial Circuit

WARRANT
FELONY

The People of the State of Michigan

vs

KIMBERLY WROBLEWSKI 82-21700649-01

Offense Information
Police Agency / Report No.
82WCS 298-21
Date of Offense
11/04/2019
Place of Offense
1950 DIX HIGHWAY (BANK OF AMERICA),  LINCOLN
PARK
Complainant or Victim
JAMES V DIGUISEPPE
Complaining Witness
JAMES V DIGUISEPPE

STATE OF MICHIGAN, COUNTY OF Wayne

To any peace officer or court officer authorized to make arrest: The complaining witness has filed a sworn complaint in this
court stating that on the date and the location stated above, the Defendant(s), contrary to law,

COUNT 1:  STOLEN PROPERTY - RECEIVING AND CONCEALING - $1,000.00 OR MORE BUT LESS THAN $20,000.00

did buy, receive, possess, conceal, or aid in the concealment of $4,388.39, stolen, embezzled, or converted property, knowing
or having reason to know or reason to believe that the property was stolen, embezzled, or converted, and the value of the
property was $1,000.00 or more but less than $20,000.00; contrary to MCL 750.535(3)(a). [750.5353A]
FELONY: 5 Years and/or $10,000.00 or 3 times the value of the property, whichever is greater.  To impose a fine of 3 times
the value, the defendant must admit the amount, or it must be determined by the trier of fact at trial.  See *Southern Union Co. v
United States* 567 U.S. ___; No. 11-94 (2012).  Court may order reimbursement to state or local government for expenses
incurred in relation to the incident including but not limited to expenses for emergency response and prosecution. (MCL
769.1f).

COUNT 2:  LARCENY - $1,000.00 OR MORE BUT LESS THAN $20,000.00
did commit the offense of larceny by stealing $4,388.39, that belonged to James Diguiseppe, the value of the property stolen
was $1,000.00 or more but less than $20,000.00; contrary to MCL 750.356(3)(a). [750.3563A]
FELONY: 5 Years and/or $10,000.00, or 3 times value of property stolen, whichever is greater.  To impose a fine of 3 times
the value, the defendant must admit the amount, or it must be determined by the trier of fact at trial.  See *Southern Union Co. v
United States* 567 U.S. ___; No. 11-94 (2012).

Court shall order law enforcement to collect a DNA identification profiling sample before sentencing or disposition, if not taken
at arrest.

Upon examination of the complaining witness, there is probable cause to believe that the offense charged was committed and
the Defendant committed the offense.  THEREFORE, IN THE NAME OF THE PEOPLE OF THE STATE OF MICHIGAN, I
command you to arrest and bring the defendant before the Court immediately.

_____          (SEAL)          _____
Date                                                            Judge/Magistrate                    Bar no.

*Exhibit C*

2021700649

STATE OF MICHIGAN

CASE NO: 2021700649

25TH DISTRICT LINCOLN PARK
3rd  Judicial Circuit

INFORMATION
FELONY

The People of the State of Michigan

vs

KIMBERLY WROBLEWSKI 82-21700649-01

Offense Information
Police Agency / Report No.
82WCS 298-21
Date of Offense
11/04/2019
Place of Offense
1950 DIX HIGHWAY (BANK OF AMERICA),  LINCOLN
PARK
Complainant or Victim
JAMES V DIGUISEPPE
Complaining Witness
JAMES V DIGUISEPPE

STATE OF MICHIGAN, COUNTY OF Wayne
IN THE NAME OF THE PEOPLE OF THE STATE OF MICHIGAN: The prosecuting attorney for this county appears before
the court and informs the court that on the date and at the location described above, the Defendant(s):

COUNT 1:  STOLEN PROPERTY - RECEIVING AND CONCEALING - $1,000.00 OR MORE BUT LESS THAN $20,000.00

did buy, receive, possess, conceal, or aid in the concealment of $4,388.39, stolen, embezzled, or converted property, knowing
or having reason to know or reason to believe that the property was stolen, embezzled, or converted, and the value of the
property was $1,000.00 or more but less than $20,000.00; contrary to MCL 750.535(3)(a). [750.5353A]
FELONY: 5 Years and/or $10,000.00 or 3 times the value of the property, whichever is greater.  To impose a fine of 3 times
the value, the defendant must admit the amount, or it must be determined by the trier of fact at trial.  See *Southern Union Co. v
United States* 567 U.S. ___; *No. 11-94 (2012)*.  Court may order reimbursement to state or local government for expenses
incurred in relation to the incident including but not limited to expenses for emergency response and prosecution. (MCL
769.1f).

COUNT 2:  LARCENY - $1,000.00 OR MORE BUT LESS THAN $20,000.00
did commit the offense of larceny by stealing $4,388.39, that belonged to James Diguiseppe, the value of the property stolen
was $1,000.00 or more but less than $20,000.00; contrary to MCL 750.356(3)(a).  [750.3563A]
FELONY: 5 Years and/or $10,000.00, or 3 times value of property stolen, whichever is greater.  To impose a fine of 3 times
the value, the defendant must admit the amount, or it must be determined by the trier of fact at trial.  See *Southern Union Co. v
United States* 567 U.S. ___; *No. 11-94 (2012)*.

Court shall order law enforcement to collect a DNA identification profiling sample before sentencing or disposition, if not taken
at arrest.

and against the peace and dignity of the State of Michigan.

Kym Worthy
P38875
Prosecuting Attorney

01/11/2021
Date

By: _____
Bar Number

The undersigned certifies that on _____ a copy of this information was served on
                                    Date

_____ P _____, the attorney representing the defendant.
Print Defense Attorney's Name

Signed _____ P _____
        APA's Signature

Exhibit  D

2021700649

STATE OF MICHIGAN

25TH DISTRICT LINCOLN PARK
3rd Judicial Circuit

MITTIMUS
FELONY

CASE NO: 2021700649

The People of the State of Michigan

vs

KIMBERLY WROBLEWSKI 82-21700649-01

**Offense Information**
Date of Offense
11/04/2019

| SEX | RACE |
|-----|------|
| F | W |

Police Agency / Report No.
82WCS 298-21

DOB        SID
           X217006491

Charge(s)
750/5353A 01
750/3563A 01

Defendant:
Alias(s)

HOLDS:

Bond History

| Date Set | Date Posted | Type | Amount |
|----------|-------------|------|--------|
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |

Cautions:

**Scheduled Court Appearances:**

| Date | Time | Court Location |
|------|------|----------------|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

**To the Sheriff or Custodial Agency:** You are directed to hold the above named Defendant(s) in your care and custody until further order of the Court, or until such time as bail bond or personal recognizance is posted. When the Defendant is in your custody, you are to bring the Defendant to all hearings and Court appearances, or otherwise as directed by the Court.

Date: 01/11/2021

Exhibit E

STATE OF MICHIGAN

2021700649
CASE NO: 2021700649

25TH DISTRICT LINCOLN PARK
3rd Judicial Circuit

RETURN TO CIRCUIT COURT
FELONY

The People of the State of Michigan

vs
KIMBERLY WROBLEWSKI 82-21700649-01

· Offense Information
Police Agency / Report No.
82WCS 298-21
Date of Offense
11/04/2019
Place of Offense
1950 DIX HIGHWAY (BANK OF AMERICA),  LINCOLN PARK
Complainant or Victim
JAMES V DIGUISEPPE
Complaining Witness
JAMES V DIGUISEPPE

Charge(s)
750/5353A 01
750/3563A 01

## EXAMINATION WAIVED

1. I, the defendant, understand:
   a. I have a right to employ an attorney.
   b. I may request a court appointed attorney if I am financially unable to employ one
   c. I have a right to a preliminary examination where it must be shown that a crime was committed and probable cause exists to charge me with the crime.

2. I voluntarily waive my right to a preliminary examination and understand that I will be bound over to Circuit Court on the charges in the complaint and warrant (or as amended).

_____    _____    _____
Defendant Attorney              Bar no        Defendant

3. ___  Examination having been waived, the Defendant is bound over to the Circuit Court for further proceedings.

## EXAMINATION HELD

4. ___  Upon examination of the matter I find that an offense not cognizable by a District Judge has been committed and there is probable cause for charging the Defendant with the crime.  I bind the Defendant over to the Circuit Court for further proceedings.

Date arranged: _____    Defense Attorney: _____

Examination held on: _____

Witness called: _____

## BIND OVER

Bound to Circuit Court to appear on _____ at _____m., Courtroom No. _____

Bond set in the amount of $ _____    Type of Bond: _____

Statute: MCL _____

Date: _____    _____
                           District Judge/Magistrate

Exhibit F