# EXHIBIT L

Caution
As of: October 29, 2024 7:00 PM Z

# Carfagno v. Jackson Nat'l Life Ins. Co.

United States District Court for the Western District of Michigan, Southern Division

February 13, 2001, Decided ; February 13, 2001, Filed

Case No. 5:99cv 118

**Reporter**
2001 U.S. Dist. LEXIS 1768 *; 2001 WL 34059032

FRANCESCO CARFAGNO, et al., Plaintiffs, v. JACKSON NATIONAL LIFE INSURANCE CO., et al., Defendants.

**Disposition:** [*1] Plaintiffs' motion to compel (docket # 98) GRANTED IN PART AND DENIED IN PART. Defendants Fernando and Cora Turpin sanctioned in the amount of $ 300.00 pursuant to *Fed. R. Civ. P. 37(a)(4)(A)*, payable to the plaintiffs within 14 days of this order.

## Core Terms

documents, plaintiffs', interrogatories, depositions, discovery, answers, questions, residents, requests, discovery request, attorney-client, motion to compel, products, asserts, communications, immunity, production of documents, policyholders, preparation, employees, notice, waived, cases, past ten years, joint defense, work product, circumstances, testifying, policies, records

## Case Summary

### Procedural Posture

In the early stages of discovery in a putative class action suit dealing with the issuance of insurance policies in Mexico, plaintiffs moved to compel production.

### Overview

Plaintiffs issued interrogatories and requests for production of documents to defendants. When responses were received, plaintiffs moved to compel on the adequacy of the responses and the propriety of instructions given to defendant individuals not to answer questions propounded during depositions. The motion was granted in part and denied in part. Defendant company had failed to object within the required 30 days for its responses to the interrogatories and document requests. When it did object it asserted that the information was privileged. The privilege was waived by their failure to object in a timely manner. Defendant company was ordered to supply documents on those questions and requests as identified by the court. Defendant individuals were sanctioned pursuant to *Fed. R. Civ. P. 37(a)(4)(A)* for asserting objections that were not substantially justified. The court also ordered these defendants to produce documents responsive to the requests it identified. Under the doctrine of unified defense, conversations between these defendants and attorneys for defendant company prior to their depositions were privileged.

### Outcome

The motion to compel was granted in part and denied in part. Defendants were ordered to supply documents in response to those requests by plaintiffs that were identified by the court. In addition, defendant individuals were sanctioned for the assertion of objections that were not substantially justified. The court found that some documents were still protected under the joint defense doctrine.

## LexisNexis® Headnotes

Civil Procedure > ... > Methods of Discovery > Interrogatories > General Overview

Civil Procedure > ... > Discovery > Methods of Discovery > Inspection & Production Requests

### *HN1*[🔽] Methods of Discovery, Interrogatories

As a general rule, failure to object to discovery requests within the thirty days provided by *Fed. R. Civ. P. 33* and *Fed. R. Civ. P. 34* constitutes a waiver of any objection.

2001 U.S. Dist. LEXIS 1768, *1

Civil Procedure > ... > Discovery > Methods of Discovery > Inspection & Production Requests

Civil Procedure > Discovery & Disclosure > General Overview

**HN2[↓] Methods of Discovery, Inspection & Production Requests**

If the time limits set forth in the discovery rules are to have any meaning, waiver is a necessary consequence of dilatory action in most cases. Any other result would completely frustrate the time limits contained in the Federal Rules of Civil Procedure and give a license to litigants to ignore the time limits for discovery without any adverse consequences.

Civil Procedure > ... > Discovery > Methods of Discovery > Inspection & Production Requests

Civil Procedure > Discovery & Disclosure > General Overview

**HN3[↓] Methods of Discovery, Inspection & Production Requests**

Discovery deadlines are intended to ensure the efficient progress of a lawsuit and counsel are expected to comply with them. To be sure, courts will examine the circumstances of each case, including the reason for tardy compliance, prejudice to the opposing party, and the facial propriety of the discovery requests, to determine whether enforcement of the waiver is equitable.

Civil Procedure > ... > Privileged Communications > Work Product Doctrine > Waiver of Protections

Evidence > Privileges > Attorney-Client Privilege > Waiver

Civil Procedure > ... > Discovery > Privileged Communications > General Overview

Civil Procedure > ... > Privileged Communications > Work Product Doctrine > General Overview

**HN4[↓] Work Product Doctrine, Waiver of Protections**

This rule that failure to object within 30 days of a discovery request constitutes a waiver of objection applies with equal force to all objections, including those based on attorney-client privilege or attorney work product.

Civil Procedure > ... > Discovery > Privileged Communications > General Overview

Evidence > Privileges > Attorney-Client Privilege > General Overview

**HN5[↓] Discovery, Privileged Communications**

A party seeking to assert the attorney-client privilege must make a clear showing that it applies. Failure to do so is not excused because the document is later shown to be one which would have been privileged if a timely showing had been made.

Civil Procedure > ... > Discovery > Privileged Communications > General Overview

**HN6[↓] Discovery, Privileged Communications**

There is no reason to make an exception for attorney-client material when applying the waiver rule.

Civil Procedure > ... > Discovery > Methods of Discovery > General Overview

Civil Procedure > ... > Privileged Communications > Work Product Doctrine > General Overview

**HN7[↓] Discovery, Methods of Discovery**

As a result of 1993 amendments to *Fed. R. Civ. P. 26*, documents withheld on a claim of privilege or immunity must be described in a privilege log. *Fed. R. Civ. P. 26(b)(5)*.

Page 2 of 10

2001 U.S. Dist. LEXIS 1768, *1

Civil Procedure > ... > Privileged Communications > Work Product Doctrine > General Overview

### HN8[⬇] Privileged Communications, Work Product Doctrine

A defendant's failure to provide the court with information of sufficient specificity to permit the court to determine whether the privilege asserted applies to the withheld documents provides an independent ground for finding a waiver of any privilege or immunity.

Civil Procedure > ... > Discovery > Privileged Communications > General Overview

Evidence > Privileges > Attorney-Client Privilege > General Overview

### HN9[⬇] Discovery, Privileged Communications

In general, the identity of a person's lawyer is not a privileged matter.

Evidence > Privileges > Attorney-Client Privilege > Exceptions

Evidence > Privileges > Attorney-Client Privilege > General Overview

### HN10[⬇] Attorney-Client Privilege, Exceptions

As a general rule, the presence of a third party during discussions between the attorney and client will destroy the privilege. A major exception to this rule, however, is the joint defense doctrine.

Contracts Law > Types of Contracts > Joint Contracts
Business & Corporate Compliance > Contracts > Types of Contracts > Joint Contracts

Evidence > Privileges > Attorney-Client Privilege > Scope

Evidence > Privileges > General Overview

Evidence > Privileges > Attorney-Client Privilege > General Overview

### HN11[⬇] Types of Contracts, Joint Contracts

The State of Texas has adopted the joint defense doctrine in its evidence rules, which grant the protection of the attorney-client privilege to communications by the client to a lawyer or a representative of a lawyer representing another party in a pending action and concerning a matter of common interest therein. Tex. R. Evid. 503(b)(1)(C). The joint defense privilege applies to communications between a client or the client's lawyer and a lawyer representing a co-party in a pending action concerning a matter of common interest.

Evidence > ... > Testimony > Refreshing Recollection > General Overview

### HN12[⬇] Testimony, Refreshing Recollection

See Fed. R. Evid. 612.

Civil Procedure > ... > Methods of Discovery > Depositions > Oral Depositions

Evidence > ... > Testimony > Refreshing Recollection > General Overview

Civil Procedure > ... > Discovery > Methods of Discovery > General Overview

### HN13[⬇] Depositions, Oral Depositions

The vast majority of cases conclude that Fed. R. Evid. 612 is applicable to depositions by operation of Fed. R. Civ. P. Rule 30(c).

Evidence > ... > Testimony > Refreshing Recollection > General Overview

### HN14[⬇] Testimony, Refreshing Recollection

A witness must actually rely upon documents for his testimony, as a prerequisite for the invocation of Fed. R. Evid. 612.

**Counsel:** For FRANCESCO CARFAGNO, LAURA M.

CARFAGNO-LUJAN DE, plaintiffs: Robert J. Perkins, Martin, Drought & Torres, San Antonio, TX.

For JACKSON NATIONAL LIFE INSURANCE CO., defendant: Joel Feldman, Sachnoff & Weaver, Ltd., Chicago, IL.

For CORA TURPIN, FERNANDO TURPIN, defendants: Edwin DeYoung, Liddell, Sapp, Zivley, Hill & LaBoon LLP, Dallas, TX.

**Judges:** Joseph G. Scoville, United States Magistrate Judge. Honorable David W. McKeague.

**Opinion by:** Joseph G. Scoville

## Opinion

This is a putative class action falling within the court's diversity jurisdiction. The case is in the early discovery stage, during which the parties are allowed to pursue discovery relevant to the class action certification issues. By order entered December 19, 2000 (docket # 107), District Judge David W. McKeague extended the time for the filing of plaintiffs' anticipated motion for class certification until thirty days after the court rules on pending dispositive motions. [*2] By order entered December 14, 2000 (docket # 96), I denied plaintiffs' motion for an enlargement of time in which to complete class certification discovery. That denial, however, was subject to a ruling on plaintiffs' pending motion to compel discovery (docket # 98), which I now take up.

Plaintiffs' motion concerns two general areas. The first is the adequacy of the responses by defendants to plaintiffs' interrogatories and requests for production of documents. The second concerns the propriety of instructions not to answer questions propounded to defendants Fernando and Cora Turpin at their depositions.

### A. Discovery Requests Served on Jackson National

Plaintiffs seek an order compelling Jackson National to answer certain interrogatories and produce documents in response to Rule 34 requests. Plaintiffs served these requests on August 7, 2000. Jackson National served answers and objections on October 9, 2000, thirty days after the expiration of the deadline established in Rules 33 and 34 for responses to interrogatories and document requests. The record does not disclose any stipulation or order extending the time for Jackson National to respond. See FED. R. CIV. P. [*3] 29. The court is therefore met at the threshold with an assertion by plaintiffs that Jackson National has waived its objections as a result of its untimely responses to the discovery requests.

HN1[↑] As a general rule, failure to object to discovery requests within the thirty days provided by Rules 33 and 34 "constitutes a waiver of any objection." See Richmark Corp. v. Timber Falling Consultants, 959 F.2d 1468, 1473 (9th Cir. 1992); Standard Chlorine of Delaware, Inc. v. Sinibaldi, 821 F. Supp. 232, 261 (D. Del. 1992) (collecting cases); see generally 8A CHARLES ALAN WRIGHT, ARTHUR R. MILLER, & RICHARD L. MARCUS, FEDERAL PRACTICE & PROCEDURE § 2173 (2d ed. 1994). In arguing against the application of this general rule to the present case, Jackson National makes two essential arguments. First, it asserts that waiver under Rules 33 and 34 is not automatic, but is more in the nature of a sanction for egregious discovery abuse that prejudices the opponent. Second, defendant asserts that if a waiver occurred, it does not extend to the attorney-client privilege or work-product immunity. Neither contention is defensible.

Jackson National does not attempt [*4] to excuse, or even explain, its delay in responding to plaintiffs' discovery requests. Rather, defendant asserts only that its conduct was not egregious or prejudicial, and that a waiver of objections is essentially a sanction for egregious discovery abuse. Although some cases discuss waiver in these terms, see, e.g., Scaturro v. Warren & Sweat Mfg. Co., Inc., 160 F.R.D. 44, 46 (M.D. Pa. 1995), this is not an accurate characterization of the waiver doctrine. HN2[↑] If the time limits set forth in the discovery rules are to have any meaning, waiver is a necessary consequence of dilatory action in most cases. "Any other result would . . . completely frustrate the time limits contained in the Federal Rules and give a license to litigants to ignore the time limits for discovery without any adverse consequences." Krewson v. City of Quincy, 120 F.R.D. 6, 7 (D. Mass. 1988). "HN3[↑] Discovery deadlines are intended to ensure the efficient progress of a lawsuit and counsel are expected to comply with them." Blumenthal v. Drudge, 186 F.R.D. 236, 240 (D.D.C. 1999). To be sure, courts will examine the circumstances of each case, including the reason for tardy [*5] compliance, prejudice to the opposing party, and the facial propriety of the discovery requests, to determine whether enforcement of the waiver is equitable. See, e.g., Shenker v. Sportelli, 83 F.R.D. 365, 367 (E.D. Pa. 1979) (examining discovery requests, to

which objections had been waived by untimely response, to ensure that the requests were not "patently improper").

Jackson National has not raised any circumstance that might induce the court to relieve it of the consequences of its waiver. Jackson National has not attempted to explain the circumstances surrounding its tardiness in responding. Rather, in a somewhat cavalier fashion, it merely asserts that plaintiffs have not been prejudiced. This is insufficient. The court therefore rejects Jackson National's first argument against a finding of waiver.

Jackson National further asserts that, even if it has waived its objections, waiver does not extend to attorney-client privilege or work-product immunity. The majority is rule to the contrary: "*HN4*[↑] This rule applies with equal force to all objections, including those based on attorney-client privilege or attorney work product." *Cleveland Indians Baseball Co. v. United [\*6] States, 1998 U.S. Dist. LEXIS 1459*, No. 96-cv-2240, 1998 WL 180623, at \*4 (N.D. Ohio Jan. 28, 1998); accord *Peat, Marwick, Mitchell & Co. v. West, 748 F.2d 540, 542 (10th Cir. 1984)* ("*HN5*[↑] A party seeking to assert the privilege must make a clear showing that it applies. Failure to do so is not excused because the document is later shown to be one which would have been privileged if a timely showing had been made."); *Krewson, 120 F.R.D. at 7*. In support of its assertion of a contrary rule, Jackson National cites three cases espousing a minority rule. For example, in *Jayne H. Lee, Inc. v. Flagstaff Indus. Corp., 173 F.R.D. 651, 657 n.16 (D. Md. 1997)*, the court cited the majority rule in favor of a waiver of subsequent claims of privilege, but dismissed the rule in a single sentence: "This rule, however, I find is too draconian." This is hardly persuasive authority to deviate from the general rule. *Smith v. MCI Telecommunications Corp., 124 F.R.D. 665 (D. Kan. 1989)*, also relied upon by Jackson National, does not support its position. *Smith* does not hold that a waiver arising from untimely objections does not reach privileged material. [\*7] It stands only for the unobjectionable proposition that a court may, in its discretion, relieve a party of its waiver and consider the merits of an objection. *124 F.R.D. at 686-87*. In the present case, however, Jackson National has not advanced any persuasive reason why the court should exercise its discretion to relieve Jackson National of the consequences of its waiver. As Professor Wright points out, *HN6*[↑] there is "no reason to make an exception" for attorney-client material when applying the waiver rule. 8A WRIGHT, MILLER & MARCUS, § 2173 at 295- 96.

A second and independent reason supports this result. *HN7*[↑] As a result of 1993 amendments to *Rule 26* of the Rules of Civil Procedure, documents withheld on a claim of privilege or immunity must be described in a privilege log. *FED. R. CIV. P. 26(b)(5)*. Although Jackson National's brief makes vague statements concerning the possible privileged nature of documents called for in requests no. 6, 11 and 13, it has not submitted to this court a privilege log in support of its objections, as required by *Rule 26(b)(5)*. *HN8*[↑] Defendant's failure to provide the court with information of sufficient specificity to permit the court to determine whether [\*8] the privilege asserted applies to the withheld documents provides an independent ground for finding a waiver of any privilege or immunity. See *United States v. Construction Prod. Research, Inc., 73 F.3d 464, 473-74 (2d Cir. 1996)*; *Smith v. Dow Chemical Co., 173 F.R.D. 54, 57-58 (W.D.N.Y. 1997)*.

1. Interrogatories

Plaintiffs' motion to compel answers to interrogatories propounded to Jackson National involves interrogatories 1, 2, 3, 4, 5, 10, and 12. With regard to most of these interrogatories, Jackson National asserted a general objection to the form of the interrogatory and then proceeded to answer it. The general objections, in accordance with the court's previous ruling, are waived. This holding has little consequence, however, because Jackson National went on to answer each interrogatory.

The court has reviewed the interrogatories and answers and finds most of plaintiffs' contentions to be meritless. With exceptions noted below, Jackson National answered each interrogatory, but plaintiffs now quarrel with the answer, essentially because plaintiffs should have asked a different question. Interrogatory no. 1 is typical. It sought an identification [\*9] of all individuals that represented Jackson National in marketing or selling life insurance products within Mexico. The answer is that Jackson National is not aware of any individuals who sold life insurance products within Mexico on its behalf. Plaintiffs' motion now seeks to compel Jackson National to identify persons who dealt with policyholders "who reside in Mexico." This is a different question, one that was not asked in interrogatory 1.

The court does find several of Jackson National's answers inadequate, however. Interrogatory no. 2 asked for an identification of all employees of the company

2001 U.S. Dist. LEXIS 1768, *9

who were involved in the preparation of underwriting criteria for sales to Mexican residents. The answer identified only two current employees, without identifying former employees. Jackson National has not justified its failure to identify former employees. In response to interrogatory no. 10, which requested the number of policies sold to Mexican residents from 1983 to the present, Jackson National answered only with regard to policies that did not terminate before January 1, 1997. It further stated that its records only indicate the current residence of policyholders. Plaintiffs correctly [*10] point out that the question speaks as of the time the policy was issued and that contemporaneous records, such as the policy application, would certainly show the residence of the policyholder. Jackson National has not advanced any reason why answering the question by searching original records would somehow be burdensome or beyond its capability. Plaintiffs have not, however, justified their request for a records search all the way back to 1983, a date that seems unreasonable in scope. Jackson National will be required to amend its answer to interrogatory no. 10, answering for the past ten years.

The court has examined the other interrogatories that are the subject of plaintiffs' motion and finds Jackson National's answers to be sufficient.

2. Document Production Requests

Plaintiffs seek to compel production of documents in response to request nos. 6, 7, 10, 11, 13, 14, and 23. The court has previously ruled that defendant waived objections to production of documents fairly called for by these interrogatories. Plaintiffs' motion to compel will therefore be granted.

B. Requests for Documents Served Upon the Turpins

Plaintiffs seek to compel production of documents [*11] from defendants Fernando and Cora Turpin response to a notice for deposition and request for production of documents first served on October 18, 2000. At the threshold, plaintiffs again argue that any objection by the Turpin defendants has been waived by their failure to respond to the document request until December 1, 2000. The circumstances surrounding this assertion of waiver, however, differ from those relevant to Jackson National. The record indicates that plaintiffs' counsel served the original deposition notice and document request without having cleared the date with defense counsel. Not surprisingly, the date proved inconvenient and was rescheduled by agreement between counsel. As a result of the agreement, plaintiffs' counsel served an amended notice of depositions on November 28, 2000, rescheduling the depositions for December 4 and 5. The amended notice of depositions contained the same list of documents as that reflected on the original notice. The Turpins responded with objections and the production of documents on December 1, 2000, in time for their depositions.

In the circumstances described above, it was reasonable for defense counsel to assume that production of [*12] documents on December 1, in response to the amended notice of depositions, was timely, especially in the absence of any contrary advice from plaintiff's attorney. Even if the Turpin defendants were guilty of a technical waiver, the confusing circumstances, for which plaintiffs' counsel was partly to blame, justify the exercise of discretion to relieve them of any waiver. In light of this holding, the court will examine the objections by the Turpin defendants to production of documents and plaintiffs' motion to compel.

The motion to compel seeks a ruling on the objections of the Turpin defendants to virtually all of plaintiffs' requests. Such a blunderbuss motion was necessitated by the assertion of a boilerplate objection to each of the document requests. In response to each request, the Turpins first objected to the request "because it is vague, ambiguous, overbroad, and not reasonably calculated to lead to the discovery of admissible evidence," regardless of the form or content of the request. The response often went on to say that all responsive documents would nevertheless be produced, or that no such documents existed. The court strongly condemns the practice of asserting boilerplate [*13] objections to every discovery request. See *St. Paul Reinsurance Co., Ltd. v. Commercial Financial Corp., 197 F.R.D. 620, 2000 WL 1737746*, at *3 (N.D. Iowa Nov. 22, 2000). The objections are, on the whole, frivolous. Plaintiffs' document requests were not vague, ambiguous, over broad, or beyond the scope of allowable discovery in most instances. The assertion of frivolous, perfunctory objections to every discovery request has led to unnecessary motion practice. The Turpin defendants will be sanctioned $ 300 for the assertion of objections that were not substantially justified. *FED. R. CIV. P. 37(a)(4)(A)*.

By the same token, plaintiffs acted unreasonably in moving to compel with regard to every document

Page 6 of 10

2001 U.S. Dist. LEXIS 1768, *13

request, even those for which the Turpins responded that they had no documents. Plaintiffs' blunderbuss motion created unnecessary work for all parties and the court. Plaintiffs are warned that further unreasonable discovery practice will result in the imposition of sanctions.

For the vast majority of plaintiffs' document requests directed to the Turpins, the Turpins either stated that no documents existed or that all documents would be produced. There [*14] is therefore no issue for the court to resolve with regard to most discovery requests. The exceptions are discussed below.

Request no. 9 required production of documents sent to or received from any other insurance company concerning business with Mexico or with Mexican residents or nationals. The Turpins objected on the grounds of confidentiality and privacy. The objection is meritless, in light of the entry of a protective order in this case. The Turpins will be compelled to produce documents responsive to request no. 9.

Request no. 11 required production of documents identifying all persons who gave legal advice to the Turpins regarding sales within Mexico or to Mexican residents. The Turpins raised attorney-client privilege and work-product immunity. They have, however, failed to sustain their burden to establish the applicability of such privileges and immunities. *HN9*[↑] In general, the identity of a person's lawyer is not a privileged matter. See *Tornay v. United States, 840 F.2d 1424, 1426 (9th Cir. 1988)*. The question was narrow, confined only to this issue. The Turpins could have redacted the substance of any privileged matter, while producing responsive documents. [*15] The Turpins will be compelled to comply with request no. 11, with the right to redact privileged communications or work product.

Request no. 12 required production of advertising and other promotional materials used for sale of insurance to Mexican residents or nationals. In response, the Turpins unilaterally narrowed production to only those Jackson National products purchased by the plaintiffs or those things being used by the Turpins at the time the plaintiffs purchased their policies. Discovery into the class action allegations in this case, however, requires more, and the Turpins have not borne their burden of supporting their objection. They will be compelled to respond fully to request no. 12.

Request no. 14 required production of all lists reflecting the name and address of any individual within Mexico, or Mexican residents, who purchased life insurance products from Jackson National or the Turpins from 1983 to the present. In response, the Turpins assert that the privacy interests of the policyholders "trumps" the plaintiffs' need for such information. The Turpins cite nothing in support of their assertion of a "policyholder's privilege," and this court is not in the business [*16] of fashioning *ad hoc* privileges under the laws of the several states. The Turpins will be compelled to provide documents responsive to request no. 14, covering the past ten years.

Request no. 20 requires production of newsletters and other communications with Jackson National agents and brokers related to life insurance products sold within Mexico or to Mexican residents. The Turpins unilaterally restricted their response to the sale of products for the period during which plaintiffs purchased their policies. They have not sustained their burden of supporting such a limitation. They will be compelled to comply with request no. 20 for a period covering the past ten years.

Request no. 23 requires production of reports showing commissions and business generated by persons selling Jackson National insurance products within Mexico to Mexican residents. The Turpins objected on the basis of confidentiality and proprietary information, asserting that production would violate the privacy interests of Jackson National, policyholders, and the Turpins themselves. The Turpins assert that such information is irrelevant and that they have a proprietary interest in maintaining the confidentiality [*17] of their financial records. Such interest, if any, does not rise to the level of a recognized privilege and must yield to the needs of the case. The information sought could be directly relevant to establishing the scope of sales to Mexican residents and the discovery of witnesses who might shed light on the activities in Mexico, if any, of the defendants. The Turpins will be required to comply with request no. 23 for the period covering the past ten years.

In response to request nos. 26 and 27, which request the production of form letters used by the Turpins or Jackson National, the Turpins again unilaterally limited their response to the products purchased by plaintiffs. It is unclear to this court why such a limitation is reasonable in the context of this case. The Turpins will be compelled to comply with request nos. 26 and 27 for the period covering the past ten years.

### C. The Turpin Depositions

In their motion to compel and "supplemental suggestions" in support of their motion to compel (docket # 99), plaintiffs complain about two series of instructions not to answer questions put to defendants Fernando and Cora Turpin. The first series of questions related to conversations [*18] between the Turpins and one of the attorneys for Jackson National, in preparation for the depositions. Questioning of the Turpins revealed that the Turpins met with Mr. Jones, one of Jackson National's attorneys, before the deposition, and that their own counsel was not present for the entire preparation session. After the witnesses answered these foundational questions, their counsel instructed them not to answer on the basis of attorney-client privilege. The second series of questions concerned whether the witnesses had reviewed documents before the time of the deposition. Mrs. Turpin was prevented by her attorney from even answering the question whether she reviewed any documents at all. (Cora Turpin Dep., 8-9). Counsel ultimately allowed Mr. Turpin to answer "yes" or "no" to the question whether he reviewed documents, but was not allowed to answer further questions. (Fernando Turpin Dep., 40-42).

#### 1. Conversations Including Jackson National's Counsel

Plaintiffs seek to compel disclosure of the content of conversations involving the Turpins at which Mr. Jones, counsel for co-defendant Jackson National, was present. Plaintiffs argue that the presence of Mr. Jones, a stranger [*19] to the attorney-client relationship between the Turpins and their counsel, destroys any privilege that might otherwise attach. As this is a diversity case governed by the law of the State of Texas, [1] this court must apply Texas privilege law to resolve this issue. FED. R. EVID. 501; see *Jewell v. Holzer Hosp. Found., Inc., 899 F.2d 1507, 1513 (6th Cir. 1990)*.

HN10[↑] As a general rule, the presence of a third party during discussions between the attorney and client will destroy the privilege. See *Clark v. State, 159 Tex. Crim. 187, 261 S.W.2d 339 (Tex. Crim. App. 1953)*. A major exception to this rule, however, is the joint defense doctrine. HN11[↑] The [*20] State of Texas has adopted this doctrine in its evidence rules, which grant the protection of the attorney-client privilege to communications by the client "to a lawyer or a representative of a lawyer representing another party in a pending action and concerning a matter of common interest therein." TEX. R. EVID. 503(b)(1)(C); see *Rio Hondo Implement Co. v. Euresti, 903 S.W.2d 128, 131 (Tex. App. 1995)* (Texas Rules of Evidence recognize a joint defense privilege). The joint defense privilege applies to communications between a client or the client's lawyer and a lawyer representing a co-party in a pending action concerning a matter of common interest. See *In re LTV Sec. Lit., 89 F.R.D. 595, 604 (N.D. Tex. 1991)*. In the present case, Jackson National and the Turpins have entered into a joint defense agreement, in which they agree to collaborate in connection with their joint defense, share information, and retain mutual confidences. In these circumstances, the presence of Mr. Jones, counsel for Jackson National, did not destroy the attorney-client privilege. Furthermore, under the very language adopted by the State of Texas in its evidence rules, the [*21] presence of counsel for the Turpins was not necessary to the invocation of the privilege. Accord *United States v. Schwimmer, 892 F.2d 237, 243-44 (2d Cir. 1989)* ("Neither is it necessary for the attorney representing the communicating party to be present when the communication is made to the other party's attorney.").

Because communications between the Turpins and counsel for Jackson National are protected by the joint defense doctrine, plaintiffs' motion to compel answers to questions involving such conversations will be denied.

#### 2. Documents Reviewed By the Turpins Before Their Deposition

Plaintiffs also request that the court overrule objections and instructions not to answer asserted in the depositions of the Turpins and to compel them to fully answer questions concerning documents they reviewed in preparation for their depositions. As the basis for their motion, plaintiffs rely upon HN12[↑] Federal Rule of Evidence 612, which provides as follows:

> Except as otherwise provided in criminal proceedings by *section 3500 of title 18, United States Code*, if a witness uses a writing to refresh memory for the purpose of testifying, either --
>
> (1) while testifying, or [*22]

---

[1] Judge McKeague presently has under advisement a motion by plaintiffs to apply the law of the Republic of Mexico to provide the rule of decision in this case. (Motion, docket # 67). My provisional choice of Texas law to govern this discovery dispute is obviously subject to revision should Judge McKeague decide that the law of Mexico applies.

2001 U.S. Dist. LEXIS 1768, *22

(2) before testifying, if the court in its discretion determines it is necessary in the interests of justice, an adverse party is entitled to have the writing produced at the hearing, to inspect it, to cross-examine the witness thereon, and to introduce in evidence those portions which relate to the testimony of the witness. If it is claimed that the writing contains matters not related to the subject matter of the testimony the court shall examine the writing in camera, excise any portions not so related, and order delivery of the remainder to the party entitled thereto. Any portion withheld over objections shall be preserved and made available to the appellate court in the event of an appeal. If a writing is not produced or delivered pursuant to order under this rule, the court shall make any order justice requires, except that in criminal cases when the prosecution elects not to comply, the order shall be one striking the testimony or, if the court in its discretion determines that the interests of justice so require, declaring a mistrial.

There is good reason to conclude that the provisions of Rule 612, which expressly refers to a "hearing," should not apply to depositions. [*23] See 28 CHARLES ALAN WRIGHT AND V. J. GOLD, FEDERAL PRACTICE & PROCEDURE § 6183, at 453-55 (1993). HN13[↑] The vast majority of cases, however, conclude otherwise, holding that Rule 612 is applicable to depositions by operation of Rule 30(c) of the Federal Rules of Civil Procedure. See, e.g., Sporck v. Peil, 759 F.2d 312, 317 (3d Cir. 1985). I therefore assume that the provisions of Rule 612(2) would apply to this case, allowing the court to compel production of documents used by the deponents to refresh their memory for the purpose of testifying, if the court deems it necessary in the interests of justice.

The Turpins principally argue that Rule 612 should not apply because plaintiffs' counsel failed to establish the critical foundational fact, namely, whether the deponents used any documents to refresh their recollection for the purpose of testifying. The problem with this argument is that the Turpins' counsel cut off questioning prematurely, before counsel was able to lay a proper foundation. Counsel was never allowed to ask the question whether the witnesses' memories were refreshed by review of the documents, nor was counsel allowed to determine the source of the [*24] documents reviewed. Defendants are correct in asserting that the HN14[↑] witness must actually rely upon documents for his testimony, as a prerequisite for the invocation of Rule 612. See Burkee Photo, Inc. v. Eastman Kodak Co., 74 F.R.D. 613, 615 (S.D.N.Y. 1977).

Jackson National has volunteered a brief (docket # 112) addressing the issues pertaining to the Turpin depositions. In that brief, Jackson National speculates that whatever documents the Turpins reviewed had been selected by the Turpins' attorney and that disclosure of the identity of those documents would therefore constitute protected work product. This concept was first recognized by the Third Circuit in Sporck v. Peil, 759 F.2d 312, 316 (3d Cir. 1985), and has been applied by other courts thereafter. The problem with this argument, however, is that there is no factual basis for it. If the Turpins had been allowed to answer proper questions, they might have disclosed that their memories had been refreshed by documents that they themselves compiled or that were shown to them by employees or others. Significantly, the Turpins have not provided an affidavit averring that the only documents reviewed [*25] were those compiled by counsel. On the present record, therefore, the court finds that defendants have not sustained their burden of establishing the existence of attorney work product.

The Turpins will be ordered to file an affidavit within 14 days identifying the source of documents reviewed in preparation for their depositions. If it turns out that the only documents reviewed were those compiled by defense counsel, the court will sustain a work-product objection. If other documents were involved, however, the court will require their production and the redeposition of the witnesses.

Four other issues arising during the Turpin depositions require brief attention. First, the Turpins refused to reveal the commissions or premiums involved with their business from sales to Mexican nationals. They have failed to establish any privilege or immunity requiring nondisclosure of this information, especially in light of the existence of a protective order. They also refused to disclose who was paying for the costs of their defense. This, again, is not privileged information. See Tornay, 840 F.2d at 1426. If defendants wish to assert a joint defense privilege, they are required [*26] to establish foundational facts giving rise to the privilege, including any sharing of fees and expenses. The Turpins also apparently refused to answer questions on whether they informed the plaintiffs of the possibility that they would be required to make additional payments on their policies. There is no apparent reason why such objections should be sustained. Finally, plaintiffs

complain that some of the answers by the Turpins were "disingenuous." There is little the court can do about this at the discovery stage of this case.

An order will be entered consistent with this opinion.

Dated: February 13, 2001

Joseph G. Scoville

United States Magistrate Judge

**DISCOVERY ORDER**

In accordance with the opinion filed this date:

IT IS ORDERED that plaintiffs' motion to compel (docket # 98) is GRANTED IN PART AND DENIED IN PART. Defendant Jackson National is ordered to answer interrogatory no. 2 as to all employees, including former employees. Jackson National is also ordered to answer interrogatory no. 10. Both answers may be restricted to periods 1991 to the present. Defendant Jackson National is ordered to produce documents responsive to plaintiffs' request nos. 6, 7, [*27] 10, 11, 13, 14 and 23.

IT IS FURTHER ORDERED that defendants Fernando and Cora Turpin are sanctioned in the amount of $ 300.00 pursuant to Fed. R. Civ. P. 37(a)(4)(A), payable to the plaintiffs within 14 days of this order.

IT IS FURTHER ORDERED that defendants Fernando and Cora Turpin are ordered to produce the following documents:
   (1) documents responsive to request no. 9;
   (2) documents responsive to request no. 11, with the right to redact privileged communications and work product;
   (3) documents responsive to request no 12;
   (4) documents responsive to request no. 14 from 1991 to the present;
   (5) documents responsive to request no. 20 from 1991 to the present;
   (6) documents responsive to request no. 23 from 1991 to the present; and
   (7) documents responsive to request nos. 26 and 27 from 1991 to the present.

IT IS FURTHER ORDERED that defendants Fernando and Cora Turpin shall file an affidavit within 14 days of the date of this order identifying the source of documents reviewed in preparation for their depositions.

IT IS FURTHER ORDERED that defendants Fernando and Cora Turpin shall disclose to plaintiffs the identity of the person or persons paying all or any portion [*28] of their defense costs. These defendants shall also disclose commissions and premiums involved with their business from sales to Mexican nationals from 1991 to the present.

IT IS FURTHER ORDERED that all interrogatories shall be answered and documents produced within 14 days of entry of this order.

DONE AND ORDERED this 13th day of February, 2001.

Joseph G. Scoville

United States Magistrate Judge

**End of Document**